RECEIVED
SDNY PRO SE OFFICE

2023 MAR 30  PM 3:21

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Abdul-Jabel Mahdi #31736
Fardan Salahuddin #32721

No. _____

Write the full name of each plaintiff.

(To be filled out by Clerk's Office)

-against-                    District Attorney
                             Hampan County
                             Springfield, Mass.

**COMPLAINT**
(Prisoner)

Mathew Ryan, Jr.

Dianne F. Dillon, Special
Assistant District Attorney

Do you want a jury trial?
☒ Yes    ☐ No

( See Attached Pages )

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☒ Violation of my federal constitutional rights

☒ Other:   *THREATS TO DO BODILY HARME !!!*

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

*ABDUL - JALEEL MAHDI*

First Name            Middle Initial            Last Name

*(FORMER) IRVIN 2X JONES / IRVIN WILLIAM JONES*

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

*W 31736*

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)   *OVER 2 YEARS IN→ U.S. PRISON*

*MEDICAL PAROLE, AFTER BEING HELD IN UNLAWFUL PRISON IN GEORGIA !!*

Current Place of Detention

*FALSE IMPRISONMENT BACK IN MASS.! (DOUBLE JEPARDY) !!*

Institutional Address

*891*            *MASS.*

County, City            State            Zip Code

## III.   PRISONER STATUS   *(UN - INDITED; THE INTERSTATE KIDNAPPING FROM MASS. TO N.J. PENN.,*

Indicate below whether you are a prisoner or other confined person:   *NEW JERSEY*

*NEVER INDITED BY A GRAND JURY !!*

☐ Pretrial detainee

☐ Civilly committed detainee   *I WAS A DEFENSE WITNESS IN A MURDER TRIAL, BUT OBSTRUCTED BY PRISON OFFICIALS !!*

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☒ Other: *(92?) ILLIGAL RESTRIAL ON MEDICAL PROLL ;*   *Wednessday march 29, 20?*

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: *Judge Francis John Good*

First Name          Last Name                    Shield #

*Sitting At Superior Court Judge Springfield Mass.*

Current Job Title (or other identifying information)

*Criminal Trial Judge*

Current Work Address

*Hampden County      and Superior Court - Boston, Mass*

County, City                    State                    Zip Code

Defendant 2: *Henry H. Chmielinski Jr*

First Name          Last Name                    Shield #

*Superior Court Judge*

Current Job Title (or other identifying information)

Current Work Address

*Springfield Mass, and Superior Court Boston, Mass,*

County, City                    State                    Zip Code

Defendant 3: *George Jr Hasser    Attorney At Law*

First Name          Last Name                    Shield #

*Springfield, Mass*

Current Job Title (or other identifying information)

*Attorney At Law*

Current Work Address

County, City                    State                    Zip Code

Defendant 4: *David J. Rentsch, Attorney At Law*

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

*Attorney At Law*

Current Work Address

*Mass.*

County, City                    State                    Zip Code

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

*District Attorney for Hampden County, Springfield, Mass.*

Defendant 1: *Mathew Ryan, Jr*

First Name — Last Name — Shield #

*Prosecutor; Criminal Cases*

Current Job Title (or other identifying information)

*Retired; living in Florida*

Current Work Address

County, City — State — Zip Code

Defendant 2: *Dianne J. Dillon, Special Assitant D. A.*

First Name — Last Name — Shield #

*Living in California; still practicing Law.*

Current Job Title (or other identifying information)

*Lawyer – California*

Current Work Address

*California*

County, City — State — Zip Code

Defendant 3:

First Name — Last Name — Shield #

*John V. Mahoney II*

Current Job Title (or other identifying information)

*Lawyer Hampden County Superior Court, Spfld, Mass.*

Current Work Address

*Unknown to Plaintiff*

County, City — State — Zip Code

Defendant 4: *Unknown to Plaintiff*

First Name — Last Name — Shield #

*Edward J. McKay Assistant Clerk*

Current Job Title (or other identifying information)

*Hampden County Springfield Superior Court*

Current Work Address

*Superior Court Springfield Mass.*

County, City — State — Zip Code

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:    _John E. Powers — SJC Clerk_

First Name          Last Name            Shield #

Current Job Title (or other identifying information)

_Clerk, Mass. Supreme Court - Boston, Mass._

Current Work Address

County, City    _Charlene, Clerk_  State _in the_        Zip Code

Defendant 2:    _Boston, Mass._          _Mass Supreme Court —_

First Name          Last Name            Shield #

Current Job Title (or other identifying information)

_Clerk In the Mass Supreme Judicial Court_

Current Work Address

_— Mass. Supreme Judicial Court_

County, City                State                Zip Code

Defendant 3:    _Charlene Bonner    Mass. Parole Board_

First Name          Last Name            Shield #

_Charlene   Bonner    Parole Board_

Current Job Title (or other identifying information)

_Chairperson_

Current Work Address

_Mass. Parole Board_

County, City                State                Zip Code

Defendant 4:    _Tonomey Coleman_

First Name          Last Name            Shield #

Current Job Title (or other identifying information)

_____

Current Work Address

_____

County, City                State                Zip Code

Page 3

I WAS, BY STATUTORY, TO BE RELEASE, WHEN
THE GRAND JURY REFUSED TO INDICT - ME !!
I WAS ILLEGALLY INSARCERATED, ANYHOW !!
I AM IN NEED OF GETTING A MOBILE UNIT
FROM THE VETERANS TREATMENT FACILATY.
I AM HANDICAPPED.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment,
if any, you required and received.

MY INJURIES IN MY PHYSICAL BEING, AND
HAVE FALL SEVERAL TIMES.

I suffer from many sleepness nights,
Physcalogical stress, due to the ongoing
struggle, to defend myself, over, the past five
decades.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

I AM SUING THE DEFENDANTS AS THE STATUTORY
LAWS, AND PRIORE CASE - LAW ENABLES ME TO
RECEIVE. I WAS IN THE U.S. NAVAL AIR
FORCE, DURING KOREAN WAR — IN AVATTION.
I am seeking freedom from false bondage. I
Two hundred and fifty, million Dollars, for the
pain, and suffering for me, and my Family.

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          *Abdul-Jaleel Mahdi*
Dated                            Plaintiff's Signature

*Abdul-   Jaleel   Mahdi*
First Name        Middle Initial        Last Name

*891  HAMPSHIRE*                          *ST. Apt 2*
~~Prison~~ Address

*Holyoke   Mass.*                          *0 1 0 4 0*
County, City                State           Zip Code

~~Date on which I am delivering this complaint to prison authorities for mailing:~~  _____

EARLIER
COMLINICATIO[

To:

United States District Court

For the Southern District Of

New York

500 Pearl Street

New York, New York 10007-1312

MARCH 21, 2014

1083
1553
3

PRO
SE,

agm,

JAN 28 2014

PRO SE OFFICE

March 4, 2014

Friday

Re: Request for Federal Court's Local
Rules & Procedures Governing
Title 18, Sections 3237, 242,
1201(a)(2), 1964 (R.I.C.O)

Dear Clerk

Please furnish me with the above
cited items of answer Rules.

I am a victim of false imprison-
ment since 1968 and interstate
kidnaping since 1972 when I was
a defense-witness in a murder-trial
against 4 prison guards. I suffered
being forced on interstate kidnaping,
and other circumstances.

See reverse side

1

**Complaint File by Abdul Jaleel Mahdi**
**currently an Inmate at M.C.I. Walpole**

**Pro Se Intake Unit;**

**To whom this may concern:**

**I file this claim under the pains and penalties of perjury.**

**The following documents ref:**

**My claim -False Imprisonment Claim and Fraud upon the Courts).**

**2 Parts**

**Part 1 - False imprisonment due to defective indictment and commitment form used to falsely sentence me to prison.**

**Please reference the following documents to help support my claim.**

**Part 2 - while in prison I was kidnapped beyond the borders of Massachusetts (Interstate kidnapping) to prevent me from testifying as a defense witness, and was moved through several without my consent. I was later returned to Massachusetts after the date of the trial.**

**Please reference the following documents to help support my claim.**

**Abdul Jaleel Mahdi**

**Date: _____/____/_____**

**Signature:**

*Abdul-Jaleel Mahdi*

## Part 1 -

## False imprisonment due to defective indictment and commitment paper used to falsely sentence me to prison.

*I am a 92 year old Navy Veteran from the Korean War with a passion in aviation, fighting for my freedom from false imprisonment. I am currently serving 55 years of incarceration so far. I am out on Medical parole hoping to never have to return.*

*As New York was one of the states I was wrongfully transported through en route to Atlanta Georgia state penitentiary, I am humbly asking your help to assist me in holding the State of Massachusetts accountable for the fraud of false imprisonment and interstate kidnapping.*

AJM

4



NO:                                    NAME.
  W-31736          JONES, IRVIN

HEIGHT:                                WEIGHT.
        5'11"                   160

HAIR:                                  EYES.
     black                    brown

COMPLEXION:                            FACIAL MARKS.
        black
          I. D. OFFICE

        M.C.I. WALPOLE

      SOUTH WALPOLE, MASS.

5

# If justice is the guardian of liberty, who are the guardians of justice?

### FALSE IMPRISONMENT



M.C.I. Walpole

"KIDNAPPING"

CALLED BY CONGRESS,

The ABDUCTION    ILLEGAL    IMPRISONMENT

of ABDUL JALEEL MAHDI



Snapshot picture of Mr. Mahdi

ABDUL JALEEL MAHDI





FILE PHOT

**STIR CRAZY: A prisoner was able to break out of MCI-Cedar Junction's 'supermax' unit last week and hand out razor blades to fellow inmates.**



**14** **County s**

VERMONT    NEW HAMPSHIRE

**Essex**

**Franklin**

**Berkshire**    **Middlesex**    **Suffolk**

**Hampshire**    **Worcester**    Boston

**Norfolk**

**Hampden**

CONNECTICUT    RHODE ISLAND    **Plymouth**

**Bristol**

**Barnstable**

**Dukes**    NANTUCKET

United States Attorney
United States District Court
District of Massachusetts

"Massachusetts is one of the few states that, in my view, has a history of institutionalized corruption. It's more ingrained here, unfortunately because of the public tolerance for it."

"I don't want to sound elitist, but the federal criminal-justice system, at the moment, works much better than the system in Massachusetts," he said.

A. JOHN PAPPALARDO

7

United States Court of Appeals,
First Circuit

## U.S. v. BOCH OLDSMOBILE, INC.

Cite as 909 F.2d 657 (1st Cir. 1990)
909 F.2d 657 (1st Cir. 1990)

III.  *Voidness*  Void Judgments          661

[4] A void judgment is from its inception a legal nullity.  With this principle in mind,

that the judgment entered was void, and that relief is proper regardless of the time elapsed, because relief from a void judgment has no time limitations.

"Void process," for purposes of action for false arrest or imprisonment, is defined as that which court has no power to award, or has not acquired jurisdiction to issue in particular case, or which does not in some material respect comply in form with legal requisites of such process. [BRUTUM FULMEN]

MASSACHUSETT SUPREME JUDICIAL COURT

BAR ASS'N OF CITY OF BOSTON V. CASEY
227 MASS. 46 MASS. LEXIS 1107
(MAY 25,1917)
"THE ACTION OF THE COURT CANNOT GIVE
LIFE TO A THING WHICH HAS NO VITALITY."

(NEITHER CAN PRISON OFFICIALS.)



**OFFICIAL OPINIONS**

FROM THE

Supreme Judicial Court

of Massachusetts

*I WAS ARRESTED WITHOUT A WARRANT.*



COMMONWEALTH VS. PELLEGRINI.   405 Mass. 86 (1989)

92     For these [91] reasons, as a general rule, warrants must be signed by the authorizing authority.

A    warrant unsigned by a judge is a nullity, void on its face, and void ab initio. *Kelley* v. *State*, 55 Ala. App. 402, 403 (1975). *State* v. *Vuin*, 185 N.E.2d 506, 510 (Ohio Ct. C.P. 1962). See *State* v. *Spaw*, 18 Ohio App. 3d 77, 79 (1984). Such a warrant is invalid because "it shows on its face that it lacks the signature of any [judge or] magistrate, such being the only authorized officer to put life in the paper." *Kelley* v. *State, supra* at 404.

Article 14 of the Massachusetts Declaration of Rights states that "no warrant ought to be *issued* but in cases, and with the formalities prescribed by the laws" (emphasis added). A judge or magistrate "issues" a warrant only when he or she signs the appropriate document and entrusts it to the proper person. *People* v. *Hentkowski*, 154 Mich. App. 171, 177 (1986). Although the parties here have stipulated that the judge intended to sign the warrant but failed to do so by inadvertence, I conclude that the judge could not "issue" the    warrant until he signed the document. "[A] lawful signature on the warrant by the person authorized to issue it [is] essential to its issuance." *State* v. *Surowiecki*, 184 Conn. 95, 97 (1981) (citing various authorities for the proposition). See *People* v. *Hentkowski, supra* at 177 (judge inadvertently failed to sign warrant).

Middlesex. February 7, 1989. — June 12, 1989.

Mary Sullivan, Esq.
Assistant United States Attorney
United States District Court
1107 J.W. McCormack Building
Boston, Massachusetts  02109

RE:  Abdul Mahdi

Dear Attorney Sullivan:

I have attempted to reach you several times but no success.
Therefore, I am writing to you to give you a short synopsis
of what I know about Mr. Mahdi's case.

It is my understanding that he stands convicted of a felony-
murder, steming from a 1967 incident.  I am not clear as to
whether he was convicted on a felony-murder charge or on a
manslaughter charge, but he is doing a life sentence.

The federal issue involved here is that he was convicted on
an endictment that was <u>wholly-void</u>, because:

    1. <u>There was no signature by the prosecutor;</u>
    2. <u>There was no signature by the Grand Jury</u>
       <u>Foreman;</u>
    3. <u>There was no State Seal on the endictment, all</u>
       <u>of which elements are required by Massachusetts</u>
       <u>law.</u>

It is further my understanding that <u>Mr. Mahdi's Warrant of</u>
<u>Commitment was not signed by a judge.</u>

After Mr. Mahdi was incarcerated by Massachusetts State
officials <u>he was moved across state lines</u> and was detained in
a federal penetentiary in Georgia.  <u>The fact that he was</u>
<u>brought across state lines without a valid Warrant of</u>
<u>Commitment means that he is most assuredly illegally incar-</u>
<u>cerated.</u>

## *Habeas Corpus*
## Grand Jury Foreman's Failure To Sign Indictment



MATTHEW J. RYAN JR. ... conduct has been questioned.

HAMPDEN COUNTY

Springfield

Massachusetts



**Massachusetts**
DA MATTHEW J. RYAN JR.

Hampden County

## TRIAL COURT
## OF MASSACHUSETTS

Hampden County Hall of Justice
50 State Street  Springfield 01103

**FRUITS OF THE POISONOUS TREE**

Hampden County Superior Court orders imposing sentences in Massachusetts had no legal force to confine Mahdi



Judge Francis John Good
Superior Court - 11th Floor
New Court House
Boston, MA 02108
617-725-8146



Judge Henry H. Chmielinski, Jr.
Superior Court - 11th Floor
New Court House
Boston, MA 02108
617-725-8146

AFFIDAVIT
OF
Abdul Jaleel Mahdi

## TO WHAT EXTENT DOES THE END JUSTIFY THE MEANS?

Hampden County



SPRINGFIELD MASSACHUSETTS

THE HAMPDEN COUNTY PROSECUTOR, DISTRICT
ATTORNEY MATHEW RAYAN, DID, WITH MALICE
AND FORETHOUGHT, UTTER FORGED AND (UN)-
ENDORSED/ (UN)AUTHENTICATED 'PAPERS'AS
"TRUE BILLS OF INDICTMENTS, AND WHEN HE
WAS CHALLENGED BY DEFENSE ATTORNEY, GEORGE
NASSAR,ESQ. WHO WAS EMPLOYED BY THIS PETI-



UNITED STATES v. ALIRE
6 WALL,573,575,18 L.Ed.
948 (1868) (cited in):

UNITED STATES v.TOHONO
O'ODHAM NATION
(2011) 179 L.Ed.2d 723

TIONER (IRVIN 2X JONES) NOW KNOWN AS SINCE
THE YEAR OF 1976 AS (ABDUL-JALEEL MAHDI),
THE DISTRICT ATTORNEY        DEFENSE ATTOR-
NEY TO THE FLOOR IN OPEN COURT!!!
THE EVIDENCE SHOWS THAT THE FATALLY DEFEC-
TIVE 'CHARGING INSTRUMENTS' (SO-CALLED
TRUE BILLS OF INDICTMENTS), WERE FRAUDULEN-
TLY CONCEALED FROM THIS PETITIONER!!!
SUBSEQUENTLY, AFTER THE PETITIONER HAD
FILED HIS PRO SE PETITIONS FOR THE WRIT
OF HABEAS CORPUS AD SUBJICIENDUM, HE WAS
OBSTRUCTED FROM PROSECUTING HIS PETITION CASE
WHEN HE WAS KIDNAPPED OUT OF STATE ON 7/13/72.



## Massachusetts
DA MATTHEW J. RYAN JR.

# How Long Has This
# Been Going On?

## -SUPERIOR COURT JUDGE [S]

### FALSE IMPRISONMENT

## INTENTIONAL VIOLATION OF A
## KNOWN LEGAL DUTY

### § 12 Fraud in procuring service.

**Research References**

62 Am Jur 2d, Process §§ 54-57

ALR Digests: Writ and Process, § 13

If a person is induced by false representations to come within the jurisdiction of a court in order to serve process upon him, and process is there served, the court will, on motion, set the process aside.

Fitzgerald & M. Constr. Co. v Fitzgerald,
137 US 98, 11 S Ct 36,

34 L Ed 608

United States Court of Appeals,
First Circuit.

## U.S. v. BOCH OLDSMOBILE, INC.

Cite as 909 F.2d 657 (1st Cir. 1990)
909 F.2d 657 (1st Cir. 1990)

III.  *Voidness* **Void Judgments**          661

[4]  A void judgment is from its inception a legal nullity.  With this principle in mind,

that the judgment entered was void, and that relief is proper regardless of the time elapsed, because relief from a void judgment has no time limitations.

In addition to the commissioner, Averett's petition names the superintendent of the North Central Correctional Institution, Gardner, and Megguier names the superintendent of the Massachusetts Correctional Institution, Cedar Junction (MCI, Cedar Junction).  We shall refer to them collectively as "commissioner."

13



# CAROL A. MICI
*Commissioner*

# JOHN A. O'MALLEY
*Chief of Staff*

# CHRISTOPHER M. FALLON
# JENNIFER A. GAFFNEY
# MICHAEL G. GRANT
# PAUL J. HENDERSON
# THOMAS J. PRESTON
*Deputy Commissioners*

14



# Commonwealth of Massachusetts

HAMPDEN, TO WIT:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction of criminal business on the **first Tuesday ~~Monday~~ of January** being the **second** day of said month, and from day to day to the **twenty-ninth** day of ~~xxxxxxxx~~ **May** in the year of our Lord one thousand nine hundred and **sixty-eight**

Present, Hon. **Francis J. Good** Justice.

The Jurors of said Commonwealth on their oath present, that

## IRVIN JONES

Whose other or true name, if any, is the Jurors aforesaid unknown of Springfield in the County of Hampden aforesaid, on the first day of January in the year nineteen hundred and sixty-eight at Springfield, in the County of Hampden aforesaid, did assault and beat ERNEST J. LADNER, JR., with intent to murder him by shooting and discharging a REVOLVER loaded with gunpowder and leaden bullets into the body of the said ERNEST J. LADNER, JR.,

beating did kill and murder the said

IN RE GRAND JURY JANUARY, 1969
Cite as 315 F.Supp. 662 (1970)

4. Indictment and Information ⊕33(1)
"True bill" which was returned by grand jury, signed by the deputy foreman and delivered to the court without the signature of the United States Attorney was not an "indictment" and was not sufficient to institute a criminal prosecution against the persons named therein. U.S.C.A.Const. Amend. 5; Fed. Rules Crim.Proc. rules 6, 6(f), 7, 18 U.S. C.A.

5. Attorney General ⊕6
District and Prosecuting Attorneys ⊕8
United States District Court was without jurisdiction to order the United States Attorney General or United States Attorney to sign purported indictment returned by grand jury or to prosecute the persons named therein. U.S.C.A. Const. Amend. 5; Fed.Rules Crim.Proc. rules 6, 6(f), 7, 18 U.S.C.A.

TRUE BILL:

Raymond W. Desrosiers, Foreman

Seymour B. Harris

..rney for the Western District

" EMPHASIS ADDED "

" not an indictment "
because it was not
signed before executed

15

**Authentication Jurat & Seal.**

## The Commonwealth of Massachusetts

On this _____ day of _____ 20_____
before me, the undersigned notary public,
personally appeared, proved to me through
satisfactory evidence of identification, which were
_____ to be the person who signed the
preceding or attached document in my presence and who swore or
affirmed to me that the contents of the document are truthful and
accurate to the best of his/her knowledge and belief.

NOTARY NAME, Notary Public
My Commission Expires November 27, 2020

*Accompanied by the proper names and signatures of the sitting Judge and Officers of the court.*
*When such items are missing on a court document, such documents become void on its face. If and when such document are used to execute any court orders, such documents become instruments of fraud.*

Hampden County Seal



16



C. 277         ANNOTATED LAWS OF MASSACHUSETTS

INDICTMENTS AND COMPLAINTS

**§ 15.   Discharge of Prisoner Not Indicted.**

The grand jury, shall, during its session, make daily return to the court of all cases wherein it has finally determined not to present an indictment against an accused person held in custody pending its action, and such person shall thereupon forthwith be discharged by order of the court unless he is held on other process. Whoever is held in custody on a charge of crime shall be discharged if he is not indicted before the end of the second sitting of the court at which he is held to answer, unless the court finds that the witnesses for the prosecution have been enticed or kept away, or are detained and prevented from attending the court by illness or accident, and except as provided in the following section.

TEXAS FACULTY ASS'N. v. UNIV. OF TEXAS AT DALLAS.

Cite as 946 F.2d 379 (5th Cir. 1991)

[1]  The Fourteenth Amendment guarantees that "No state shall . . . deprive any person of life, liberty, or property, without due process of law." Though the nature of the process due varies according to the governmental and private interests involved, whenever the four elements necessary to trigger that guarantee occur—that is, whenever (1) a state actor (2) deprives (3) a person (4) of a protected interest—*some* sort of procedural protection must be provided.

*17*

SUPREME COURT OF THE UNITED STATES
WASHINGTON, D.C.

18.

## § 12 Fraud in procuring service.

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a seal. Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556,

18 L Ed 948

ALSO SEE:

19.

BOWEN v. JOHNSON

306 U.S. 19; 59 S.Ct. 442

AT PAGE 446:

"BUT IF IT BE FOUND THAT THE COURT HAD NO JURISDICTION OVER THE PETITIONER. . . . THE REMEDY OF HABEAS CORPUS IS AVAILABLE."

## VERIFICATION

20.

**Petition for writ; contents; annexed papers**

The petition for the writ shall be in writing, signed and sworn to by the person for whose release it is intended, or by a person in his behalf, and shall state by whom and where the person is imprisoned or restrained, the name of the prisoner and of the person detaining him, if their names are known, or a description of them, if their names are not known, and the cause or pretence of such imprisonment or restraint, according to the knowledge and belief of the petitioner.

I DO HEREBY  AFFIRM UNDER OATH, THE THE FOREGOING

AND CITED AUTHORITIES OF LAWS, ARE TRUE TO THE BEST OF

MY BELIEF.              RESPECTFULLY SUBMITTED.

DATE:

18

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a seal.



The Seal
OF DOCUMENT
AUTHENTICATION
Mandatory Authority

LAW

19

(1) In General. The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by **an attorney for the government.**

What does a foreperson do in court?

The foreperson of the grand jury must keep a record of the number of jurors concurring in the finding of every indictment and file the record with the Clerk of the Court. If an indictment is found, the grand jury will report it to the judge or a magistrate in open court.

Commonwealth of Massachusetts    **# 1.**

HAMPDEN, TO WIT:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction of criminal business on the first Tuesday ~~~~~ of January being the second day of ~~~~~~~ May

day of said month, and from day to day to the twenty-ninth

in the year of our Lord one thousand nine hundred and sixty-eight Jan. 29. 1968 *mgm*

Present, Hon. Francis J. Good Justice.

MAHDI

The Jurors of said Commonwealth on their oath present, that

IRVIN JONES (1968) — THRU — (2

ON GOING, DAILY!

Whose other or true name, if any, is the Jurors aforesaid unknown of Springfield in the County of Hampden aforesaid, on the first day of January in the year nineteen hundred and sixty-eight at Springfield, in the County of Hampden aforesaid, did assault and beat ERNEST J. LADNER, JR., with intent to murder him by shooting and discharging a REVOLVER loaded with gunpowder and leaden bullets into the body of the said ERNEST J. LADNER, JR., and by such assault and beating did kill and murder the said ERNEST J. LADNER, JR.

A TRUE BILL:

Raymond W. Desrosiers, Foreman

Seymour B. Harris

Assistant District Attorney for the Western District

**VOID**

22



MGL Chapter 277

Section 15: Discharge of accused person not indicted

The grand jury shall, during its session, make daily return to the court of all cases wherein it has finally determined not to present an indictment against an accused person held in custody pending its action, and such person shall thereupon forthwith be discharged by order of the court unless he is held on other process. Whoever is held in custody on a charge of crime shall be discharged if he is not indicted before the end of the second sitting of the court at which he is held to answer, unless the court finds that the witnesses for the prosecution have been enticed or kept away, or are detained and prevented from attending the court by illness or accident, and except as provided in the following section.

SINCE THE PROSECUTOR AND THE TRIAL JUDGE DECIDED TO USE A FORGED PAPER- (PURPORTS TO BE AN AUTHENTICATED DOCUMENT) AND CALL IT A "TRUE BILL".

33

# Exhibit

## Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN, to wit:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction

of criminal business on the ~~first~~ ~~Monday~~ Tues of January  being the second

in the year of our Lord one thousand nine hundred and ~~sixty-eight~~ *day of said month*

*day of said month, and from day to day to the* fifteenth

March in the year of our Lord one thousand nine hundred and eighty-four.

Present, Hon. ~~Hon.~~ George J. Hayer ............... Justice

The Jurors of said Commonwealth on their oath present, that

1968
OR ?
1984 (afm)

IRVIN JONES

whose other or true name , , if any,         is to the Jurors aforesaid unknown

ALLAHDI

THE (FORMER) DISTRICT ATTORNEY
B WITH HIS (SPECIAL) ASSISTANT
DISTRICT ATTORNEY DIANNE DILLON

HAMPDEN COUNTY
SUPERIOR COURT

Dianne M. Dillon, A.D.A.

INTO FEDERAL ARCHIVES

PERPETRATOR OF FRAUD BY DOCUMENTS

THE 'PERSON' WHO USED "THIS TEMPLATE" TO UTTER THE PHOTO-COPYING OF THE FOLLOWING EXHIBIT.

Double Jeparity

After suffering being INTESTATE k... FROM 1972 - 1984

24

## FRAUD ON THE COURT

C.A.1 (N.H.) 1999.   "Fraud on the court" oc-
curs, for purposes of motion for relief from judg-
ment, where it can be demonstrated, clearly and
convincingly, that a party has sentiently set in mo-
tion some unconscionable scheme calculated to in-
terfere with the judicial system's ability impartially
to adjudicate a matter.   Fed.Rules Bankr.Proc.Rule
9014, 11 U.S.C.A.; Fed.Rules Civ.Proc.Rule 60(b),
28 U.S.C.A.—Pearson v. First NH Mortg. Corp.,
200 F.3d 30.—Bankr 2164.1; Fed Civ Proc 2654.


Bkrtcy.D.N.H. 2000.  In the First Circuit, "fraud
on the court" occurs where it can be demonstrated,
clearly and convincingly, that a party has sentiently
set in motion some unconscionable scheme calcu-
lated to interfere with the judicial system's ability
impartially to adjudicate a matter by improperly
influencing the trier or unfairly hampering the pre-
sentation of the opposing party's claim or de-
fense.—In re R & R Associates of Hampton, 248
B.R. 1.—Fed Civ Proc 2654.

25

# Commonwealth of Massachusetts

HAMPDEN, TO WIT:                              SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction

of criminal business on the   first    Tues
                                        Monday of   January      being the   second

in the year of our Lord one thousand nine hundred and sixty-eight
        day of said month, and from day to day to the   fifteenth                    day of said month.

March          in the year of our Lord one thousand nine hundred and   eighty-four.

Present, Hon. Hon. George J. Hayer ................ Justice.

The Jurors of said Commonwealth on their oath present, that

IRVIN JONES

whose other or true name   , if any,                    is to the Jurors aforesaid unknown

FORMER:
*D.A. DILLON *
(NOW RETIRED)

FRAUD
↓
WHICH GOES
INTO THE
FEDERAL
ARCHIVIES!

USED A PHOTOCOPYING
MACHINE TO PREPARE
THIS TEMPLATE FOR
MAKING A FORGERY
PAPER TO APPEAR AS
AN (INDICTMENT
AGAINST (MAHDI) (FORMER)
(IRVIN 2X JONES)

26

# Commonwealth of Massachusetts

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN, TO WIT:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction

of criminal business on the   first   Monday of   January   being the   second

in the year of our Lord one thousand nine hundred and sixty-eight

day of said month, and from day to day to the   fifteenth

March   in the year of our Lord one thousand nine hundred and   eighty-four.

Present, Hon. Hon. George J. Hayer .................Justice.

The Jurors of said Commonwealth on their oath present, that

IRVIN JONES

*Judge Hayer Co-Conspirator*

whose other or true name , if any,   is to the Jurors aforesaid unknown

of   Springfield   **FORGORY** , in the County of Hampden aforesaid,

on the   first   day of   January

in the year nineteen hundred and   sixty-eight

at   Springfield   in the County of Hampden aforesaid,

did assault and beat ERNEST J. LADNER, JR., with intent to murder

him by shooting and discharging a REVOLVER loaded with gunpowder

and leaden bullets into the body of the said ERNEST J. LADNER, JR.

and by such assault and beating did kill and murder the said

ERNEST J. LADNER, JR.

**PREPERD BY ?**

*Asst. D. A.*
*Dillon*
*used 1968 names*

A TRUE BILL:

Raymond W. Desrosiers
Foreman.

Seymour B. Harris
Assistant District Attorney for the Western District.

27

# The United States Constitution

## 14th Amendment Section 1

**No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

28

## Dukette v. Perrin, 564 F.Supp. 1530.**1983.**

Habeas corpus relief is available where indictment is so defective as to deprive trial court of jurisdiction.

### U.S. v. KRILICH
Cite as 152 F.Supp.2d 983 (N.D.Ill. 2001)

If the judgment is void, the judgment is to be vacated. A judgment is void if it is without subject matter jurisdiction, there was no personal jurisdiction over a party, or the judgment was entered without due process of law. *Federal Election Commission v. Al Salvi for Senate Committee*, 205 F.3d 1015, 1019 (7th Cir.2000);

FRAUDULENT CONCEALED FORM THIS PRO SE PERSONS FOR YEARS !!!

29



OFFICIAL OPINIONS

FROM THE

Supreme Judicial Court

of Massachusetts

COMMONWEALTH v. CROTTY & others

92 Mass.(10 Allen)403

At page 405:

"THE WARRANT(MITTIMUS) BEING DEFECTIVE
AND VOID ON ITS FACE, THE OFFICER HAD NO
RIGHT TO (CUSTODY) OF THE PERSON ON WHOM
HE (WAS EXECUTING IT UPON)."(emphasis added)

"HE ACTED WITHOUT A WARRANT ..."

"AN OFFICER WHO ACTS UNDER A VOID PRECEPT
AND A PERSON DOING THE SAME ACT WHO IS NOT
AN OFFICER,(A PRIVATE CITIZEN) STAND ON THE
SAME FOOTING."

"SUCH A WARRANT (MITTIMUS) WAS CONTRARY
TO ELEMENTARY PRINCIPLES, AND IN DIRECT
VIOLATION OF THE CONSTITUTIONAL RIGHT(S)...AS
SET FORTH IN THE DECLARATION OF RIGHTS,
ARTICLE 14 ..."

At page 404.

30



**Exhibit**

# GENERAL LAWS
## OF
## MASSACHUSETTS

## CHAPTER 277

### § 9.  Administration of oaths and affirmations to witnesses; list of witnesses

The foreman of the grand jury or the prosecuting officer before them may administer oaths and affirmations to witnesses who appear to testify before the jury, and the foreman shall under his hand return to the court

Foreman and Deputy Foreman.  The court shall appoint one of the jurors to be foreman and another to be deputy foreman.  The foreman shall have power to administer oaths and affirmations and shall sign all indictments.  He or another juror designated by him shall keep a record of the number of jurors concurring in the finding of every indictment and shall file the record with the clerk of the court,  SIGNED BY PROSECUTING ATTORNEY

### SUPERIOR COURT RULES
### RULES OF CRIMINAL PROCEDURE
### RULE 5—GENERALLY

(b) Foreman, Foreman Pro Tem;  Clerk, Clerk Pro Tem.  After the grand jurors have been impanelled they shall retire and elect one of their number as foreman.  The foreman and the prosecuting attorney shall have the power to administer oaths and affirmations to witnesses who appear to testify before the grand jury, and the foreman shall, under his hand,

(e) Finding and Return of Indictment.  An indictment may be found only upon the concurrence of twelve or more jurors.  The indictment shall be returned by the grand jury to a judge in open court

3 /

**Authentication Jurat & Seal.**

## The Commonwealth of Massachusetts

On this _____ day of _____,20_____
before me, the undersigned notary public, _____
personally appeared, proved to me through
satisfactory evidence of identification, which were
_____to be the person who signed the
preceding or attached document in my presence and who swore or
affirmed to me that the contents of the document are truthful and
accurate to the best of his/her knowledge and belief.

NOTARY NAME, Notary Public
My Commission Expires November 27, 2020

*Accompanied by the proper names and signatures of the sitting Judge and Officers of
the court.
When such items are missing on a court document, such documents become void on its
face. If and when such document are used to execute any court orders, such documents
become instruments of fraud.*

Hampden County Seal



37

(L. S.)   # Commonwealth of Massachusetts

HAMPDEN, to wit:

*To the Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Walpole, in the County of Norfolk,*

GREETING:

WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the    first    day of    January    in the year of our Lord one thousand nine hundred and    seventy-one,

IRVIN JONES, alias cormorant of Norfolk in the County of Norfolk.

now in custody of the Sheriff of said County of Hampden, convicted of the crime of    Assault and battery by means of a dangerous weapon (265-15A)

committed at West Springfield , was sentenced to be confined in said Massachusetts Correctional Institution, Walpole, for a term of not more than    10    years and not less than    5    years and to stand committed in pursuance of said sentence.    said sentence to take effect concurrently with sentence in 25431.

WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said    Irvin Jones alias    from the Jail in Springfield in the said County of Hampden, to said Massachusetts Correctional Institution, Walpole, in the said County of Norfolk; and we command you, the said Superintendent to receive the said    Irvin Jones alias and immediately thereon to cause the said    Irvin Jones alias    to be confined therein for a term of not more than    10    years and not less than    5    years.

And for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.

WALTER H. McLAUGHLIN

WITNESS, G. JOSEPH TAURO, Esquire, Chief Justice of said Superior Court, at Springfield, this    twenty-eigth    day of    January    in the year of our Lord one thousand nine hundred and    seventy-one    and sealed with the seal of said Court.

A true copy.
     Attest:

Edward J. McKay

Ass't        *Clerk.*

Form 148  O'M.

33

Exhibit



Library references
  Clerks of Courts ⊂⇒4.
  C.J.S. Clerks of Courts § 4.

1.  Nature of office
  A clerk of court is a "ministerial of-
ficer" of the court and is subject to the
direction of the court in the performance
of his duties.  City of Boston v. San-
tosuosso (1941) 31 N.E.2d 572, 308 Mass.
202;  Patrick v. Dunbar (1936) 200 N.E.
896, 294 Mass. 101.

## OFFICIAL OPINIONS

FROM THE

## Supreme Judicial Court
## of Massachusetts

PATRICK v. DUNBAR.

[294 Mass.] 101

ANNIE V. PATRICK vs. HARRY C. DUNBAR, executor.

Middlesex.  November 4, 1935. — March 30, 1936.

104

The clerk of courts is a ministerial officer of the courts
and is subject to the direction of the courts in the perform-
ance of his duties.  While the issuance of an execution
ordinarily may be a ministerial act, questions of law may
be involved which require invocation of the judicial power.
*Cambridge Savings Bank v. Clerk of Courts*, 243 Mass. 424,
427.

# GENERAL LAWS
# OF
# MASSACHUSETTS

CHAPTER
218

§ 14.  Facsimile signatures.  Clerks and assistant clerks of dis-
trict courts may sign process issued by the said courts, and court rec-
ords, documents or other legal papers or copies thereof, relating to
criminal, delinquent, wayward and neglected cases made or issued
by such clerks or assistant clerks in conformity with law, except
search warrants and process authorizing arrests or commitments, by
imprinting thereon a facsimile of the signature of the clerk or assist-
ant clerk; and such facsimile signatures shall have the same validity
as their written signatures.

34

# Commonwealth of Massachusetts

HAMPDEN, to wit:

be Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Walpole, in the County of Norfolk,

GREETING:

WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the **first Mon** day of **May** in the year of our Lord one thousand nine hundred and **sixty-eight.**

IRVIN JONES OF Springfield in the County of Hampden.

now in custody of the Sheriff of said County of Hampden, convicted of the crime of    Murder (265-1)

committed at **Springfield** , was sentenced to be confined in said Massachusetts Correctional Institution, Walpole, for a term of xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxx of his natural life.

The Court upon imposing sentence ordered that said defendant be deemed to have served 148 days of said sentence prior to trial or awaiting disposition.

WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said **Irvin Jones** from the Jail in Springfield in the said County of Hampden, to said Massachusetts Correctional Institution, Walpole, in the said County of Norfolk; and we command you, the said Superintendent to receive the said **Irvin Jones'** and immediately thereon to cause the said **Irvin Jones** to be confined therein for xxxxxxxxxxxxxxxx xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx **for the term of his natural life**

And for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.

WITNESS G. JOSEPH TAURO, Esquire, Chief Justice of said Superior Court, at Springfield, this **29th** day of **May** in the year of our Lord one thousand nine hundred and **sixty-eight** and sealed with the seal of said Court.

Edward J. _____ Ass't                    Clerk.

NO TRIAL ON
VOID! JUDGE
SIGNATURE !

000001   35

# Commonwealth of Massachusetts

HAMPDEN, to wit:                    **SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

*To the Sheriff of said County of Hampden, his Deputies, the Officers of the Court hereinafter named, and the Superintendent of the Massachusetts Correctional Institution, Walpole, in the County of Norfolk,*

GREETING:

WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of Hampden for the transaction of Criminal Business, on the **first** **Tues** day of **January** in the year of our Lord one thousand nine hundred and **eighty-four**

IRVIN JONES, of Springfield, in the County of Hampden

now in custody of the Sheriff of said County of Hampden, convicted of the crime of Assault with intent, murder by means of dangerous weapon (265-18)

committed at Springfield , was sentenced to be confined in said Massachusetts Correctional Institution, Walpole, for a term of not more than 20 years and not less than 18 years and to stand committed in pursuance of said sentence, said sentence to take effect concurrently with sentence in 18954. The Court upon imposing sentence ordered that said defendant be deemed to have served 16 years, 66 days of said sentence prior to trial or awaiting disposition.

WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said Irvin Jones from the Jail in Springfield in the said County of Hampden, to said Massachusetts Correctional Institution, Walpole, in the said County of Norfolk; and we command you, the said Superintendent to receive the said Irvin Jones and immediately thereon to cause the said Irvin Jones to be confined therein for a term of not more than 20 years and not less than 18 years.

And for so doing this shall be your warrant; and you said Sheriffs and Officers are to make return of this warrant with your doings thereon to the office of the Clerk of said Superior Court in Springfield as soon as may be.

THOMAS R. MORSE, JR., ESQUIRE

WITNESS, ~~JAMES N. McGUIRE~~ Esquire, Chief Justice of said Superior Court, at Springfield, this **fifteenth** day of **March** in the year of our Lord one thousand nine hundred and **eighty-four** and sealed with the seal of said Court.

A true copy.
        Attest:           Leo F. Hickson,           Ass't. *Clerk.*

*Leo F. Hickson*

Asst. Clerk

Form 148

36

Exhibit

· THE GRAND JURY                  § 787
                                                                        Rute 5

## Rule 5

## THE GRAND JURY

### (Applicable to Superior Court)

The foreman then calls for a vote of the Grand Jury and if twelve or more persons raise their hands on the question of the indictment, a true bill is returned.  After the vote, the indictment clerk in the District Attorney's office writes up the indictment and the indictment is read by the foreman of the Grand Jury to make sure that the indictment conforms to the vote and if it does, the indictment is signed by the foreman and the District Attorney or his assistant.[1]

The foreman, by his signature certifies that it is a true bill found by twelve or more grand jurors.[3]

3. *Com. v. Smyth*, 65 Mass. (11 Cush.) 473 (1853); *Turns v. Com.*, 47 Mass. (6 Metc.) 224 (1843).

IN RE:
UN-SIGNED
UN-AUTHENTICATE
INDICTMENTS
ARE VOID
CERTIFICATES
OF ALSO
FRAUD ON
THE FEDERAL
GOVERNMENT !

### U.S. v. CABACCANG
Cite as 332 F.3d 622 (9th Cir. 2003)

Our job as judges is to apply laws adopted by the political branches of government.  As the Supreme Court has told us time and time again, *see, e.g.*, *HUD v. Rucker*, 535 U.S. 125, 130–31, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002); *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 490–93, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001), where the statutory text is clear and speaks to the issue before us, we must faithfully enforce it even if we firmly believe we could rewrite the statute

# Commonwealth ~~of~~ ...ssachusetts

....N, to wit:

...e Sheriff of said County of Hampden, his D.... ...of the Court hereinafter named, and the
...Superintendent of the Massachusetts Correctiona.... ...le, in the County of Norfolk,

GREETING:

WHEREAS, by the consideration of the Superior Court holden at Springfield within and for the County of
Hampden for the transaction of Criminal Business, on the   first   ...on   day of ...ay
in the year of our Lord one thousand nine hundred and   *sixty-eight,*

IRVIN JONES OF Springrield in the County of Hampden,

now in custody of the Sheriff of said County of Hampden, convicted of the crime of   Murder (C35-1)
First Degree

committed at   ...ingfield   , was sentenced to be confined in said Massachusetts Correctional Insti-
tution, Walpole, for a term of not more than .......................................... years and not less than ..................................... years
and to stand committed in pursuance of said sentence.   ... .is natural life

...................................................................................................................
...................................................................................................................

WE, THEREFORE, COMMAND YOU, the said Sheriff, Deputies and Officers of said Court, to remove the said
Irvin Jones   from the Jail in Springfield in the said
County of Hampden, to said Massachusetts Correctional Institution, Walpole, in the said County of Norfolk;
and we command you, the said Superintendent to receive the said Irvin Jones   and immediately
thereon to cause the said Irvin Jones   to be confined therein for a term of not more than
............. years and not less than ...................... years   for the term of his na

.................... this .... be your warrant; and you said Sheriffs and Officers are to ....... return of
this warrant with your doings thereon to the office of the Clerk of said Superior Co....
as may be.

WITNESS, G. JOSEPH TAURO, Esquire, Chief Justice of said Superior Court, at Springfield, this
27th   day of ...ay   in the year of our Lord one thousand nine hundred and
sixty-eight   and sealed with the seal of said Court.

A true copy.
  Attest:
  *Mario Silva*
  *Deputy Sheriff*

Edward J. McKay

...ss's

Clerk.

Form 148  O'M.

NO TRIAL @
JUDGE
SIGNATURE !

38

IN THE SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

IRVIN 2X JONES,
          Petitioner

vs.                          NO. 72-226 LAW

DEPARTMENT OF CORRECTION


PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

     Counsel for the above-captioned petitioner, Irvin
2X Jones, respectfully represents to the court as
follows:

     1. Counsel in the above-captioned matter is a member
of the Bar of the District of Columbia and the Bar of
the Commonwealth of Massachusetts and is the court-appointed
attorney for the petitioner in the above-entitled case,
having been so appointed by the Supreme Judicial Court
for the County of Suffolk.

     2. This case has been marked up for a hearing
before the Single Justice on April 24, 1974.

     3. The plaintiff is now being held in the custody
of the Warden of the United States Penitentiary at
Atlanta, Georgia.

     4. Petitioner originally filed this petition pro se
and had pursued this matter until the Court appointed
counsel from the Prisoners' Rights Project.

39

- 2 -

5. Counsel has never had the opportunity to personally consult with the petitioner about the matters alleged in the petition and about any other information, exhibits or documents relevant to this matter which are in petitioner's possession and which would be useful to counsel in the proper preparation and presentation of petitioner's case before this court.

6. Since plaintiff has been held outside this jurisdiction, counsel has also been unable to consult with him on matters necessary for the hearing on April 24, 1974.

7. The plaintiff' presence is material and necessary at least one week prior to the hearing for the purposes of crystallizing the issues of facts and obtaining other matters required for the proper preparation and presentation of this action.

8. Counsel, upon information and belief, believes that the plaintiff's rights will be prejudiced unless the said plaintiff is physically present prior to the time of the hearing on April 24, 1974.

9. Counsel has been informed by the United States Marshals that upon receipt of a writ of habeas corpus ad testificandum, said Marshals will bring the petitioner to the Commonwealth of Massachusetts.

WHEREFORE, counsel prays

40

- 3 -

(1) that a writ of habeas corpus ad testificandum
    issue out of this court directed to the United
    States Marshals, District of Massachusetts and
    the Warden of the United States Penitentiary at
    Atlanta, Georgia requiring him to produce the body
    of the said Irvin 2X Jones before this court on
    the 17th day of April, 1974, to consult with
    counsel.

(2) for such other and further relief the Court may
    deem necessary and proper.

Respectfully submitted,

*Richard Wyn*

RICHARD SHAPIRO
Prisoners' Rights Project
2 Park Square
Boston, Massachusetts 02116

I am the attorney for the applicant and have been
authorized to act on his behalf and hereby swear that
the foregoing facts are true to the best of my knowledge.

*Richard Wyn*

RICHARD SHAPIRO

41

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, April 5, 1974, served a copy of the foregoing Petition for Writ of Habeas Corpus Ad Testificandum on the office of the Attorney General for the Commonwealth of Massachusetts by mailing, postage prepaid, a copy thereof to the Office of the Attorney General, 131 Tremont Street, Boston, Massachusetts.

RICHARD SHAPIRO

JUDICIAL COURT

APR - 9 1974

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
HABEAS CORPUS PETITION
DOCKET NO. 92-7336-I

SUFFOLK, ss.

ABDUL JALEEL MAHDI,                    )
        Petitioner                     )
                                       )
                                       )
vs.                                    )
                                       )     HABEAS CORPUS GROUNDS FOR
COMMISSIONER LARRY DUBOIS,             )     RELEASE FROM FALSE IMPRISONMENT
MASSACHUSETTS DEPARTMENT OF            )
CORRECTIONS, and MASSACHUSETTS)
CORRECTIONAL INSTITUTION CEDAR)
JUNCTION (WALPOLE),                    )
        Respondents                    )

## PETITIONER'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS WRIT OF HABEAS CORPUS

NOW COMES the Petitioner, Abdul Jaleel Mahdi, a/k/a Irvin Jones, through counsel, and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus Ad Subjiciendum and thereby ORDER the Defendants to release the Petitioner forthwith from his unlawful confinement at MCI-Cedar Junction (Walpole). Grounds therefor are set forth herein the Petitioner's Memorandum of Law. The above said Writ[1] is guaranteed by Article I §9 of the United States Constitution and Chapter VI § VII of the Massachusetts Constitution.

## STATEMENT OF THE FACTS

On May 28, 1968, Petitioner Abdul Jaleel Mahdi a/k/a Irvin Jones, was found guilty by a jury of the crimes of murder in the

---

[1] It is important to note here that the purpose of this Writ is to neither establish guilt or innocence; rather, the purpose is to test the legality of the detention or imprisonment.

43

first degree, assault with intent to murder by means of a dangerous weapon and two counts of armed robbery.[2]    The Petitioner's indictment papers, however, were defective in that they did not have the signature of the grand jury foreman.    (Exhibit #1).

Petitioner was sentenced by the Hampden County Superior Court to MCI-Cedar Junction (Walpole) for life on the murder conviction, eighteen to twenty years on the assault conviction, and eighteen to twenty years on the armed robbery conviction.[3]    This conviction was reversed by the Massachusetts Supreme Judicial Court on April 8, 1983.[4]    See Commonwealth v. Mahdi, 388 Mass. 679 (1983).

Petitioner was thereafter re-indicted and ultimately convicted of Second Degree Murder and sentenced to life imprisonment. However, Petitioner's subsequent indictment was not attested to either with the signature of the grand jury foreman, and in fact, the indictment papers bore the names of the same grand jury foreman and assistant district attorney despite the fact that the subsequent indictment of the Petitioner occurred sixteen years after the original indictment.    (Exhibit #2).

The absence of the signatures of the grand jury foreman on either of the indictments cannot and should not be viewed by this Court as a mere oversight and should be found not to have consti-

---

2    Additionally, Petitioner was convicted for unlawfully carrying a firearm on his person which was placed on file.

3    These latter two sentences were administered as concurrent sentences, but from and after the Petitioner's murder conviction.

4    The grounds for reversal were that the district attorney at trial commented on the Petitioner's post-Miranda silence and had made inappropriate remarks regarding the Petitioner's racial origins and religious beliefs which presented a substantial risk of a miscarriage of justice.

44

tuted a true bill.  See Commonwealth v. Smyth, 65 Mass. (11 Cush.) 473 (1853); Turns v. Commonwealth, 47 Mass. (6 Metc.) 224 (1843). Furthermore, how can the same grand jury foreman be seated and the same district attorney be prosecuting a case against the Petitioner sixteen years apart!

Petitioner is currently being confined in the maximum security facility MCI-Cedar Junction (Walpole).  Petitioner's present incarceration is the result of receiving a life sentence for second degree murder, effective January 2, 1968, in addition to several concurrent sentences, one of which is a 40-50 year armed robbery sentence, effective on the same date.

## ANALYSIS

I.   THE PETITIONER CHALLENGES THE SUFFICIENCY OF THE INDICT-
MENT AGAINST HIM IN THAT THE INDICTMENT PAPERS WERE NEVER
SIGNED BY THE GRAND JURY FOREMAN.

The Petitioner asserts and effectively demonstrates that the indictment of the Grand Jury was fatally defective because it was not signed by the foreman as required by law.  Although one may reasonably infer that such a requirement is set forth in statutory law,[5] there is clearly one Massachusetts case that establishes

_____

[5]  G.L. ch. 277 §5 requires that the grand jury take an oath when it is impanelled; G.L. ch. 277 §6 requires an affirmation in lieu of an oath; G.L. ch. 277 §9 (repealed, but in effect at the time of the Petitioner's trial) required that the foreman of the grand jury sign a list of all witnesses sworn before the grand jury and return it to the court whereupon it would be filed by the clerk, and; G.L. ch. 277 §10 (also repealed, but in effect at the time of the Petitioner's trial) which required that the grand jury may appoint a grand juror to keep a record of the proceedings who would in turn deliver it to the attorney general or district attorney.

45

first degree, assault with intent to murder by means of a dangerous weapon and two counts of armed robbery.[2]   The Petitioner's indictment papers, however, were defective in that they did not have the signature of the grand jury foreman.  (Exhibit #1).

Petitioner was sentenced by the Hampden County Superior Court to MCI-Cedar Junction (Walpole) for life on the murder conviction, eighteen to twenty years on the assault conviction, and eighteen to twenty years on the armed robbery conviction.[3]   This conviction was reversed by the Massachusetts Supreme Judicial Court on April 8, 1983.[4]   See Commonwealth v. Mahdi, 388 Mass. 679 (1983).

Petitioner was thereafter re-indicted and ultimately convicted of Second Degree Murder and sentenced to life imprisonment. However, Petitioner's subsequent indictment was not attested to either with the signature of the grand jury foreman, and in fact, the indictment papers bore the names of the same grand jury foreman and assistant district attorney despite the fact that the subsequent indictment of the Petitioner occurred sixteen years after the original indictment.  (Exhibit #2).

The absence of the signatures of the grand jury foreman on either of the indictments cannot and should not be viewed by this Court as a mere oversight and should be found not to have consti-

_____

[2]   Additionally, Petitioner was convicted for unlawfully carrying a firearm on his person which was placed on file.

[3]   These latter two sentences were administered as concurrent sentences, but from and after the Petitioner's murder conviction.

[4]   The grounds for reversal were that the district attorney at trial commented on the Petitioner's post-Miranda silence and had made inappropriate remarks regarding the Petitioner's racial origins and religious beliefs which presented a substantial risk of a miscarriage of justice.

46

such a requirement.   Commonwealth v. Sargent,[6] 116 August Term (1825).   In Sargent, it was held that when the court discovered that the indictment was not signed by the foreman of the grand jury that no further proceedings could be had on it.   Id.   A jury had been empaneled and sworn to try the case and the trial had already commenced, id., until the "defect" was discovered.   Id.   The court determined that the indictment, "having been delivered to the court by the grand jury and filed, was sufficient, notwithstanding the omission of the foreman's signature.   (Emphasis added.)   "[T]he judge observed to [counsel] that the bill was not verified according to law, and that it might have been returned to the court by mistake.   The clerk was then ordered to take the indictment from the grand jury, and to inform the prisoners that there would be not further proceedings on it.   Id. at 116 (emphasis added).   Thus for the purposes of state law in this Commonwealth, an indictment which lacks the foreman's signature is wanting of the evidence required to constitute a lawful indictment.   Moreover, Sargent also highlights the Fifth Amendment guarantee against double jeopardy subsequently applied to the states in Benton v. Maryland, 95 U.S. 784 (1969) ("[the prisoners] could not lawfully be tried again for the same offence."  Sargent supra at 117).

Other than Sargent, there is no other state case law on point. There is some federal case law, however, which establishes that an indictment not signed by the grand jury foreman does not create an

---

[6]   The case actually reads "Commonwealth v. Sargent and seven others," and may be found in Thacher's Massachusetts Criminal Cases tried in The Municipal Court of the City of Boston 1823-1842.

invasion of constitutional rights recognizable in a habeas corpus petition.  Hachey v. State of Maine, 453 F.2d 369 (1st Cir. 1972). In Hachey, however, the United States Court of Appeals qualified its holding by precluding state habeas corpus petitioners from federal court.  Similar to Hachey was In re Cardwell, 256 F.2d 576 (9th Cir. 1957) in which the United States Court of Appeals held that the sufficiency of the indictment on which the petitioners were convicted and sentenced could not be challenged by a petition for habeas corpus because the indictment was not signed by the grand jury foreman under federal law, in accordance with 28 U.S.C.A §§ 2241(a), (c)(3), 2243.

This Court should follow either Massachusetts case law as set forth in Sargent supra, or, alternatively, infer that such a signature by the grand jury foreman is a minimum attestation or affirmation that all of the grand jurors did in fact agree to indict the Petitioner.  See e.g., Kennedy v. Alvis, 145 N.E.2d 361 (1957) wherein the Ohio Court of Common Pleas held that an indictment that was not signed by the foreman of the grand jury did not constitute a true bill and prejudiced the substantial rights of the defendant "for the reason that [the defendant was] presented with no certification by the foreman of the Grand Jury to the effect that the indictment was found by the Grand Jury in the manner provided by [state] law."  Id. at 363.  Furthermore, the aforementioned Court held that

> [f]or the reasons which we have given, it is our opinion
> that the failure of the foreman to subscribe his name to
> the endorsement "a true bill" on the indictment in
> question is fatal and the purported indictment is

first degree, assault with intent to murder by means of a dangerous weapon and two counts of armed robbery.[2]    The Petitioner's indictment papers, however, were defective in that they did not have the signature of the grand jury foreman.   (Exhibit #1).

Petitioner was sentenced by the Hampden County Superior Court to MCI-Cedar Junction (Walpole) for life on the murder conviction, eighteen to twenty years on the assault conviction, and eighteen to twenty years on the armed robbery conviction.[3]    This conviction was reversed by the Massachusetts Supreme Judicial Court on April 8, 1983.[4]    See Commonwealth v. Mahdi, 388 Mass. 679 (1983).

Petitioner was thereafter re-indicted and ultimately convicted of Second Degree Murder and sentenced to life imprisonment. However, Petitioner's subsequent indictment was not attested to either with the signature of the grand jury foreman, and in fact, the indictment papers bore the names of the same grand jury foreman and assistant district attorney despite the fact that the subsequent indictment of the Petitioner occurred sixteen years after the original indictment.   (Exhibit #2).

The absence of the signatures of the grand jury foreman on either of the indictments cannot and should not be viewed by this Court as a mere oversight and should be found not to have consti-

---

[2]    Additionally, Petitioner was convicted for unlawfully carrying a firearm on his person which was placed on file.

[3]    These latter two sentences were administered as concurrent sentences, but from and after the Petitioner's murder conviction.

[4]    The grounds for reversal were that the district attorney at trial commented on the Petitioner's post-Miranda silence and had made inappropriate remarks regarding the Petitioner's racial origins and religious beliefs which presented a substantial risk of a miscarriage of justice.

## III. CONCLUSION.

Based on the foregoing federal, state and statutory authorities, the Petitioner has been denied due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution in that his indictment lacked the signature of the grand jury foreman and as such, "the indictment wants the usual evidence that it was found by the jury, and therefore can only be regarded as waste paper. <u>Sargent</u> <u>supra</u> at 117. Moreover, the Petitioner has been unlawfully confined for the past twenty-five years and should be released forthwith.

WHEREFORE, the Petitioner respectfully requests that the Respondents be ORDERED to effectuate his immediate release.

Respectfully submitted,
ABDUL JALEEL MAHDI,
By his attorney,

Alexander M. Esteves
66 Long Wharf, Third Floor
Boston, MA 02110
(617) 742-1710
BBO# 560347

December 17, 1992

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon all parties of record by mail/hand,

12

50



# Commonwealth of Massachusetts.

HAMPDEN, TO WIT:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction of criminal business on the **first Tuesday** ~~XXXX~~ of **January** being the **second** day of said month, and from day to day to the **twenty-ninth** day of ~~XXXXXXX~~ **May** in the year of our Lord one thousand nine hundred and **sixty-eight**

Present, Hon. **Francis J. Good** Justice.

The Jurors of said Commonwealth on their oath present, that

### IRVIN JONES

Whose other or true name, if any, is the Jurors aforesaid unknown of Springfield in the County of Hampden aforesaid, on the first day of January in the year nineteen hundred and sixty-eight at Springfield, in the County of Hampden aforesaid, did assault and beat ERNEST J. LADNER, JR., with intent to murder him by shooting and discharging a REVOLVER loaded with gunpowder and leaden bullets into the body of the said ERNEST J. LADNER, JR., and by such assault and beating did kill and murder the said ERNEST J. LADNER, JR.


A TRUE BILL:

Raymond W. Desrosiers, Foreman

Seymour B. Harris.

Assistant District Attorney for the Western District

5+

# Commonwealth of Massachusetts

EX. 2

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN, TO WIT:

AT the Superior Court begun and holden at Springfield, within and for the County of Hampden, for the transaction of criminal business on the first Tues *Monday* day of January being the second

in the year of our Lord one thousand nine hundred and sixty-eight
day of said month, and from day to day to the fifteenth day of said month.

March        in the year of our Lord one thousand nine hundred and eighty-four.

Present, Hon. Hon. George J. Hayer Justice.

The Jurors of said Commonwealth on their oath present, that

IRVIN JONES

whose other or true name , if any,                    is to the Jurors aforesaid unknown

of        Springfield                    , in the County of Hampden aforesaid,

on the     first                    day of     January

in the year nineteen hundred and     sixty-eight

at     Springfield                    , in the County of Hampden aforesaid,

did assault and beat ERNEST J. LADNER, JR., with intent to murder
him by shooting and discharging a REVOLVER loaded with gunpowder
and leaden bullets into the body of the said ERNEST J. LADNER, JR.
and by such assault and beating did kill and murder the said
ERNEST J. LADNER, JR.


A TRUE BILL:

Raymond W. Desrosiers
        Foreman.

Seymour B. Harris
Assistant District Attorney for the Western District.

5ə



# Commonwealth of Massachusetts

## Authentication.
## Proof of Official Record

Exhibit

# THE
# SEAL

## Authenticated by the seal of the court

The writ should bear the seal of the court authorized to issue it, and a writ bearing an improper seal is regarded as though it bore no seal. Courts hold that an omission of the seal renders the writ void and ineffective to confer jurisdiction.

SUPERIOR COURT

212 § 26

# GENERAL LAWS
# OF
# MASSACHUSETTS

§ 26. Records; custody

The records of courts which are transferred to the superior court shall remain in custody of its clerks. In Suffolk county, the clerk of said court for civil business shall have the custody of said records in civil cases and the clerk for criminal business shall have the custody of said records in criminal cases. Copies of said records may be certified by said clerks respectively. Judicial writs and processes which are founded upon such records shall issue under the seal of the superior court, in like manner and with the same effect as similar writs and processes founded upon its own records.

THIS [LAW] IS CLEAR AND UNAMBIGUOUS

53

10.

# The Commonwealth of Massachusetts

On this _____ day of _____, 20 ___,

before me, the undersigned notary public,

personally appeared, proved to me through

satisfactory evidence of identification, which were

_____, to be the person who signed the

preceding or attached document in my presence and who swore or

affirmed to me that the contents of the document are truthful and

accurate to the best of his/her knowledge and belief.

_____ NOTARY NAME, Notary Public

My Commission Expires November 27, 2020

54

Hampden County Seal



55



Exhibit



OFFICIAL OPINIONS
FROM THE
Supreme Judicial Court
of Massachusetts

● COMMONWEALTH *vs.* PELLEGRINI. 405 Mass. 86 (1989) ●

92      For these [91] reasons, as a general rule, <u>warrants must be signed by the authorizing authority</u>.

A       warrant unsigned by a judge is a nullity, void on its face, and void ab initio. *Kelley* v. *State*, 55 Ala. App. 402, 403 (1975). *State* v. *Vuin*, 185 N.E. 2d 506, 510 (Ohio Ct. C.P. 1962). See *State* v. *Spaw*, 18 Ohio App. 3d 77, 79 (1984). Such a warrant is invalid because "it shows on its face that it lacks the signature of any [judge or] magistrate, such being the only authorized officer to put life in the paper." *Kelley* v. *State, supra* at 404.

Article 14 of the Massachusetts Declaration of Rights states that "no warrant ought to be *issued* but in cases, and with the formalities prescribed by the laws" (emphasis added). A judge or magistrate "issues" a warrant only when he or she signs the appropriate document and entrusts it to the proper person. *People* v. *Hentkowski*, 154 Mich. App. 171, 177 (1986). Although the parties here have stipulated that the judge intended to sign the warrant but failed to do so by inadvertence, I conclude that the judge could not "issue" the       warrant until he signed the document. "[A] lawful signature on the       warrant by the person authorized to issue it [is] essential to its issuance." *State* v. *Surowiecki*, 184 Conn. 95, 97 (1981) (citing various authorities for the proposition). See *People* v. *Hentkowski, supra* at 177 (judge inadvertently failed to sign warrant).

56

# OFFICIAL OPINIONS

### FROM THE

## Supreme Judicial Court
## of Massachusetts

## _Habeas Corpus_
### Grand Jury Foreman's Failure
### To Sign Indictment

Page 116            THACHER'S CRIMINAL CASES

Commonwealth v. Sargent and other

COMMONWEALTH v. SARGENT and others
(*) THACHER'S CRIMINAL CASES.

### AUGUST TERM, 1825.

## Commonwealth v. Hosea Sargent and Seven Others.

Where a trial had been commenced, and it was then discovered that the indictment was not signed by the foreman of the grand jury, it was _held_, that no further proceedings could be had on it, (although the counsel were willing to proceed.)

Where a trial had been commenced, and it was then discovered that the indictment was not signed by the foreman of the grand jury, and the indictment was withdrawn from the jury, it was _held_, that they could not find another bill against the same persons, for the same offence, without the authority of the court. In this case, the indictment wants the usual evidence that it was found by the jury, and therefore can only be regarded as waste paper.[1]

Page 118



# The Commonwealth of Massachusetts

𝓛.

## Justice of the Trial Court

### WARRANTS    *ISSUED ONLY BY JUDGES!*

**275 § 3**    PROCEEDINGS IN CRIMINAL CASES

**§ 3.    Warrant to apprehend accused**

If, upon such examination, it is found there is just cause to fear that such crime may be committed, such court or justice shall issue a warrant, reciting the substance of the complaint, and requiring the officer to whom it is directed forthwith to apprehend the person complained of and take him before such justice or some other justice or court having jurisdiction of the cause. <u>Such warrant, if issued by a justice, shall be under his hand.</u>

COMMONWEALTH *v.* WALCOTT.         239

These provisions plainly manifest a purpose to provide for the apprehension of offenders upon <u>process issued by the magistrates</u> **(JUDGES)** <u>named, under their own hands and seals</u>, but made returnable to the court having jurisdiction to try the case, because such process may oftentimes be more speedily obtained and the chances of escape diminished. *Commonwealth* v. *Wolcott*, 110 Mass. 67.  By the St. of 1877, *c.* 211, justices of the peace have now no authority to receive complaints and issue warrants, unless commissioned as trial justices. *Commonwealth* v. *Fay*, *ante*, 235.

**(emphasis added)    BOSTON v. SANTOSUOSSO, 308 MASS. 206**

<u>The clerk</u>, however, "is a ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties.  While the issuance of an execution ordinarily may be a ministerial act, questions of law may be involved which require invocation of the judicial power,"



Low price. Every item. Every day.
Store No: 0277
125 Westgate Center Drive
Hadley, MA, 01035
(413) 253-2599

262626 00 026 99891

Receipt #: 99891                              03/28/2023 14:16

| Qty | Description | Amount |
|-----|-------------|--------|
| 1 | Copy- 2821513 | 16.92 |
|   | (1 @ $ 16.920 ) |  |
|   | - Standard 28 lb. 8.5 x 11" |  |
|   | - Color |  |
|   | - Black & White |  |

SubTotal                                             16.92
Standard Tax 6.25%                                    1.06
Total                                        USD $ 17.98

Visa #:***********3609 [ S ]
Swipe
Auth No.: 243871

The Cardholder agrees to pay the Issuer of the charges card
is accordance with the agreement between the Issuer and the
Cardholder.

Compare and Save
With Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!

# THIS IS YOUR SIGN

## Try Staples® and see the difference.

### $15 off
signs, banners or posters when you spend $75 or more.

Valid through 4/29/23
**Coupon code: 79120**

Valid online at staples.com/services/printing® or in Staples® U.S. stores on custom signs, posters or banners. Excludes Daily Deals, Auto-Restock orders and Instacart orders. While supplies last. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Each item purchased can only be discounted by one coupon, applied by cashier. Coupon not valid if purchased or sold and must be presented in cashier if purchased in-store. No cash/credit back. Not valid on prior purchases or purchases made with Staples Advantage in-store Purchase Program. Coupon value applied pre-tax. **Expires 4/29/23**

### 20% off
**select sign accessories.**

Valid through 4/15/23
**Coupon code: 57088**

Valid in Staples® U.S. stores only on Command and mounting products, Staples easels, Cosco® signs, in-store A-frames signs, snap frames and Staples literature holders. Not valid on Instacart orders. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Each item purchased can only be discounted by one coupon, applied by cashier. Coupon not valid if purchased or sold and must be presented to associate at time of checkout. Not valid on prior purchases or purchases made with Staples Advantage In-store Purchase Program. No cash/credit back. Coupon value applied pre-tax. **Expires 4/15/23.**

### 20% off
**UPS® express shipping services.**

Valid through 4/29/23
**Coupon code: 60495**

Valid in Staples® U.S. stores only on UPS Express Shipping services. Not valid on Instacart orders. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Each item purchased can only be discounted by one coupon, applied by cashier. Coupon not valid if purchased or sold and must be presented to associate at time of checkout. Not valid on prior purchases or purchases made with Staples Advantage in-store Purchase Program. No cash/credit back. Coupon value applied pre-tax. **Expires 4/29/23**.

HAM 1584

**Part 2 -**

**While in prison, I was kidnapped beyond the borders of Massachusetts**
**(Interstate kidnapping) to prevent me from testifying as a defense witness, and was moved through several without my consent. I was later returned to Massachusetts after the date of the trial.**

*AJM*

60

Massachusetts General Laws, Chapter 127, Section 97A, nor the NEW ENGLAND INTERSTATE CORRECTIONS COMPACT, St. 1962, Chapter 753, Section 1, does not encompass the State of New Jersey, Pennsylvania, or North Carolina.

"A STATE MAY NOT BY LEGISLATION project its powers and authority BEYOND ITS OWN BORDERS." See: Dept.of Financial Inst. v. General Finance Corp., 86 N.E.2d 444,227 Ind. 373

# If justice is the guardian of liberty, who are the guardians of justice?

FALSE IMPRISONMENT



M.C.I. Walpole

FRAUD ON THE COURT



AFFIDAVIT
OF
ABDUL JALEEL MAHDI



FILE PHOTO

STIR CRAZY: A prisoner was able to break out of MCI-Cedar Junction's 'supermax' unit last week and hand out razor blades to fellow inmates.

（Case 3:23-cv-30040-MGM Document 1 Filed 03/30/23 Page 69 of 132）

4/7/73 Received in U.S. Penetentiary, Atlanta, Ga.

DOCUMENTARY PROOF SHOWING I WAS A DEFENSE WITNESS
AND COURT HABEAS CORPUS TO TESTIFY WAS ISSUED.
A PHOTOCOPY OF THE ORDER IS ATTACHED H E R E  T O.

( IRVIH 2X (JONES)        *Abdul Jaleel Mahdi*

NORFOLK, ss. — SUPERIOR COURT.                                    No. _____

_____ vs. _____

Re: Bradford Boyd

. Enclose please find copy of a Hab. Corp to testify  that you

requested in your letter of March 21, 1973

*John P. Concannon* CLE
                                            mp

Dedham, ____3/27/73____19

N.B.—In all communications PLEASE USE NUMBER as well as name of case.

~ This Document proves that I was a DEFENSE
WITNESS, OF WHICH PRISON OFFICIALS DID NOT
WANT



NORFOLK, SS.

Commonwealth )
)
vs. )
)
Bradford Boyd )
Defendant.

)

Superior Court

Crim. No.54051

SUPERIOR COURT

CRIM. NO.54051

## WITNESSES FOR THE DEFENDANT.

Dr. George M. Woodward
Dr. Robert R. Mezer
Irvin 2X Jones

**DEFENSE WITNESS**

DR. GEORGE M. WOODWARD
DR. ROBERT R. MEZER
IRVIN 2X JONES

I Certify that the foregoing is a true copy of the indictment                    and the names and
addresses of the witnesses, together with a record constituting the names and addresses of the presiding Judge,
District Attorney, and Attorney for the Defendant.

Att'y                    Clerk Superior Court.

## SUPERIOR COURT ADDRESSES

## Clerk of Superior Court in

**Barnstable County Superior Court**
Court House
3195 Main Street
Barnstable, MA 02630

**Berkshire County Superior Court**
Court House Bldg.
76 East Street
Pittsfield 01201

**Bristol County Superior Court**
9 Court Street
Taunton, MA 01201

**Dukes County Superior Court**
Court House, Main Street
P.O. Box 1267
Edgartown, MA 02593

**Essex County Superior Court**
Superior Court House
34 Federal Street
Salem, MA 01970

**Franklin County Superior Court**
Court House
425 Main Street
P.O. Box 1573
Greenfield, MA 01302

**Hampden County Superior Court**
Hall of Justice
50 State Street, P.O. Box 559
Springfield, MA 01102-0559

**Hampshire County Superior Court**
15 Gothic Street, P.O. Box 1119
Northampton, MA 01060

**Middlesex County Superior Court**
Superior Court House
40 Thorndike Street
Cambridge, MA 02141

**Nantucket County Superior Court**
Town and Country Building
16 Broad Street, P.O. Box 967
P.O. Box 425
Nantucket, MA 02554

**Norfolk County Superior Court**
Court House
650 High Street
Dedham, MA 02026

**Plymouth County Superior Court**
Court House
Court Street
Plymouth, MA 02360

**Suffolk County Superior Court**
810 U.S. Post Office and Court
90 Devonshire Street
Boston, MA 02109

**Worcester County Superior Court**
Superior Court House
Court House, Room 23
2 Main Street
Worcester, MA 01608

65

Commonwealth                    )          Superior Court

                                )          Crim. No. 54051
vs.                             )
                                )
Bradford Boyd                   )

        Defendant.

*I was visited by Bradford Boys Lawyer and on the next day !! prison guards assaulted this Old man and threated him, when taking upon the highways to the Federal Prison in Atlanta, Georgia !!!*

*!! guards came into Ato 10 Block area, and launched Tear gas on me! Superintent Fred Butterworth pointed his gun at me-saying "I will kill you right here !"*

WITNESSES FOR THE DEFENDANT.

*formally Irvin 2X Jones*

*I refel*

Dr. George M. Woodward
Dr. Robert R. Kezer
Irvin 2X  Jones

**THIS BECAME THE REASON FOR MY INTESTATE KIDNAPP-ING !!**

NCCI LIBRARY COPIER

**U.S. v. MONUS**     387
Cite as 128 F.3d 376 (6th Cir. 1997)
                                                18

U.S.C. § 1503, which provides, in pertinent part, that "[w]hoever … corruptly … influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" shall be guilty of an offense against the United States.  18 U.S.C. § 1503.

[7]   In order to sustain its burden of proof for a conviction for the crime of, corruptly endeavoring to influence, obstruct or impede the due administration of justice, the government must prove three essential elements: (1) that there was a pending judicial proceeding, (2) that the defendant knew this proceeding was pending, and (3) that the defendant then corruptly endeavored to influence, obstruct, or impede the due administration of justice.  See United States v. Bashaw, 982 F.2d 168, 170 (6th Cir.1992); United States v. Williams, 874 F.2d 968, 979 (5th Cir.1989).

**M.C.I.**
**MASS. PRISON OFFICIALS**

*Prison Officials KNEW THAT THE CRIMINAL TRIAL WOULD IDENTIFY and the names and GUARDS of the presiding Judge*

**BOYD WAS RELEASED !**
Clerk Superior Court.

*Cest D.A.
Sianmore
DeLord*

ALSO SEE: 18 U.S.C. SECTION 1341

**Exhibit**

## KIDNAPPING

Federal laws are violated when forcing state prisoners across several other state borders - beyond criminal jurisdiction of Massachusetts



KEEPING HIM FROM BEING A DEFENSE WITNESS

Snapshot picture of Mr. Mahdi

ABDUL JALEEL MAHDI

## Process

Process cannot reach a party beyond the territorial jurisdiction of the court. Pennoyer v Neff, 95 US 714, **24 L Ed 565**

No judicial process can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond those boundaries is lawless violence. Ableman v Booth, 21 How 506, **16 L Ed 169**

The process of a state court does not and cannot run beyond the territorial limits of that state. Tioga R. Co. v Blossburg & C. R. Co. 20 Wall 137, **22 L Ed 331**

67

# OPINIONS OF THE UNITED STATES SUPREME COURT

# U.S. SUPREME COURT REPORTS

### WISCONSIN PUBLIC INTERVENOR v. MORTIER
111 S.Ct. 2476(1991)

"UNDER THE SUPREMACY CLAUSE, UNITED STATES

CONSTITUTION, ARTICLE VI, Cl.2, STATE LAWS THAT

"INTERFERE WITH, OR ARE CONTRARY TO THE LAWS OF

CONGRESS, MADE PURSUANCE TO THE CONSTITUTION"

ARE INVALID."

ANNOTATED LAWS OF MASSACHUSETTS

Spec. L. C. S138

CHAPTER S138

Interstate Corrections Compact

*RE: FEDERAL BUREAU OF PRISONS* [handwritten annotation]

*M.C.I. WALPOLE EXCUSE FOR MAHDIS INTER-STATE KIDNAPPING!* [handwritten annotation]

SEC.

1.  Interstate Corrections Compact Enacted; Definitions; Contracts; Reports; Responsibility for Inmates.

## § 1.   Interstate Corrections Compact Enacted; Definitions; Contracts; Reports; Responsibility for Inmates.

The Interstate Corrections Compact is hereby enacted into law and entered into by this state with any other states legally joining therein in the form substantially as follows:

The party states, desiring by common action to fully utilize and improve their institutional facilities and provide adequate programs for the confinement, treatment and rehabilitation of various types of offenders, declare that it is the policy of each of the party states to provide such facilities and programs on a basis of cooperation with one another, thereby serving the best interests of such offenders and of society and effecting economics in capital expenditures and operational costs. The purpose of this compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources.

As used in this compact, unless the context clearly requires otherwise, the following terms shall have the following meanings:—

"State", a state of the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico.

68

## Seizure, detention, transportation

### JULY 13, 1972

## ILLEGAL EVENTS ON KIDNAPPING



Superentendet of Fred Bitterworth
"WITH HIS GUN IN HAND"

mahdi

Mr. Mahdi

BLOCK 10
M.C.I.-WALPOLE

Prison officials kidnapped MAHDI out of the state and hid
him in prisons and jails up and down the East Coast states. "GUESS THIS IS A FUNEAL CAR!"
GUESS WHO IS GOING TO BE BURIED?

Prison officials ordered (12) guards to assault

and beat Petitioner (<u>ABDUL-JALEEL MAHDI</u>) into submission

to take him out of State BY FORCE.

JOHN O. BOONE, the (THEN) Commissioner of Mass. NOR
GOVERNOR

Dept. of Correction) had no foreknowledge of Petitioner SARGENT

being ABDUCTED ON INTERSTATE COMMERCE, that is why there

was no "REMOVAL ORDER" as Statutorily required by

<u>MASS.GEN.LAW,c.127,§120.</u>

Prison guards THREATENED THE LIFE OF PETITIONER

WHEN THEY TOLD HIM "<u>YOU ARE IN A ONE-CAR FUNERAL!</u>"

"GUESS WHO IS GOING TO BE BURIED

# If justice is the guardian of liberty, who are the guardians of justice?

**FALSE IMPRISONMENT**



M.C.I. Walpole



**FLOWCHART**

SEQUENCE OF KIDNAPING FROM THE WALPOLE STATE PRISON, SOUTH WALPOLE, MASSACHUSETTS:

THE ABDUCTION/KIDNAPPING OF "IRVIN 2X JONES" ABDUL-JALEEL MAHDI (W-31736) TO FEDERAL PENITENTIARY AT ATLANTA, GEORGIA

AT: 1:30 PM
WALPOLE STATE
PRISON, SOUTH
WALPOLE, MASS.

JULY 13, 1972 

ATTACKED & KID-
NAPPED FROM 10
BLOCK, SEGREGATION
UNIT BY:

1. SUPT. R. DONNELLY
2. DEPUTY F. BUTTER-
   WORTH
3. SENIOR OFFICER
   N. CARVER
4. GUARD McLAUGHIN
   DEPUTY ASST.
5. GUARD R. LaVOE
6. GUARD (I.D.)
7. "          "
8. "          "
9. "          "
10. "          "
11. "          "
12. "          "

AT: 5:30-6 PM
MASS. DEPT. OF
CORR. TRANSPOR-
TATION STATE
PRISON GUARDS
TOOK ME BY CAR
OUT-OF-STATE
ILLEGALLY
JULY 13, 1972

IN A DEPT. OF
CORRECTION'S
STATION WAGON
DRIVEN BY:

SENIOR GUARD
WILLIAM E. CRONIN &
GUARD GEORGE
BURKE &
GUARD HARRIS
ARENBURG &

IR CRAZY: A prisoner was able to break out of MCI-Cedar Junction's
upermax' unit last week and hand out razor blades to fellow inmates.

FILE PHOTO

Abdul-Jaleel Mahdi, W31736.
MCI-Norfolk / HSU II
P.O. Box 43
Norfolk, MA 02056

# CHRONOLOGY OF EVENTS ON KIDNAPPING
# AND ILLEGAL RE-IMPRISONMENT

I, ABDUL JALEEL MAHDI, do hereby, under

the pains and penalties of perjury, depose and

say:  View that return in illegal man-
ner affect jurisdiction

I, <u>ABDUL JALEEL MAHDI</u>, (formerly named: IRVIN JONES)
was serving an ONGING PRISON SENTENCE in MCI-Walpole,Mass.
and I had no other criminal cases or criminal charges in
any other court, nor in any other STATE.  At the time I was
KIDNAPPED ACROSS THE BORDERS OF MASSACHUSETTS by the prison
guards,  who had no legal authority, themselves BEYOND THE
BORDERS OF MASSACHUSETTS.

The following sequences states a brief SYLLABUS on the
events which violated the Laws of the Land; my Legal rights,
and NULLIFIED ALL OF THE PRISON SENTENCES I was originally
under service, and was prohibited by law to be disrupted.

| | |
|---|---|
| MAY 29, 1968 <br><br> MASSACHUSETTS | I was committed into WALPOLE STATE PRISON under a court order (mittimus) to serve a life sentence, for murder, (HAMPDEN COUNTY SUPERIOR COURT, SPRINGFIELD, MASS.) |
| DEC. 19, 1971 | Prison guards permitted a deranged inmate FRANK SMITH to be murdered in WALPOLE STATE PRISON. |
| JULY 10, 1972 | I agreed to be a DEFENSE WITNESS for the indicted Inmate BRADFORD BOYD, and conversed with his court-appointed attorneys. |
| JULY 13, 1972 | I was ASSAULTED by prison guards and KIDNAPPED out-of-State, with THREATS TO MURDER ME IN VIRGINIA and make my death appear as an attempt to ESCAPE. |

"AND BE IT FURTHER ENACTED
THAT IF ANY PERSON SHALL TRAN-
SPORT, OR CARRY, OR CAUSE TO
BE TRANSPORTED OR CARRIED,
ANY SUBJECT OF THIS COMMON-
WEALTH . . . . . WITHOUT THE LIMITS
OF THE SAME. . .WITHOUT HIS
CONSENT OR VOLUNTARY AGREEMENT.;"

The guards had NO WRITTEN ORDERS
as I have discovered, and the
Commissioner of the Dept. of Corr-
ection did not know of the acts.

71

| | |
|---|---|
| MAR.6,1973 <br><br> PENNSYLVANIA | I was ILLEGALLY committed into the State Prison System, outside of PHILADELPHIA, PENNSYLVANIA at West Chester Prison, and FORCED to SIGN myself in as BRADFORD BOYD; the guards used FALSE IDENTIFICATION ON ME. |
| MAR.7,1973 | I was ILLEGALLY reimprisoned in MASSACHUSETTS at the DEDHAM,MASS. NORFOLK COUNTY JAIL, and there I discovered that the MURDER TRAIL was completed, and the defendant was made to believe that I changed my mind to testify in his defense. The TRUTH is, prison officials prevented me from appearing. I was held in the jail for (2) days. |
| MAR.9,1973 | The same state prison guards ILLEGALLY took me out of the State AGAIN and subsequently, ILLEGALLY RE-IMPRISONED me into the same PHILADELPHIA, PA. suburb State Prison in West Chester. This time, the guards used their acquaintes with the front-gate prison guards as the ONLY MEANS to induce them to take custody of me WITHOUT LEGAL WRITS OR AUTHORITY. They used my nam |
| MAR.10,1973 | The same guards elected not to place me into the custody of the KLU KLUX KLAN Sheriff at PINE HILL, NORTH CAROLINA, so they turned me over to the custody of the Sheriff at WINSTON-SALEM, NORTH CAROLINA. <br><br> THE GUARDS FALSELY IDENTIFIED THEM-SELVES TO THE SHERIFF AS STATE POLI FROM GEORGIA, AND TOLD THE SHERIFF THAT I WAS WANTED FOR MURDER IN THE STATE OF GEORGIA. A BOLD FACE LIE! |
| MAR.11,1973 | I was ILLEGALLY RE-IMPRISONED at ATLANTA FEDERAL PENITENTIARY, WITHOU ANY LEGAL ORDERS, AUTHORITY, OR CONSENT FROM ME!!! AGAIN, THE GUARDS USED THEIR ACQUAINTANCE AS THE MEANS |

# CHRONOLOGY OF EVENTS ON KIDNAPPING
## AND ILLEGAL RE-IMPRISONMENT

(continued on next page)

# CHRONOLOGY OF EVENTS ON KIDNAPPING
## AND ILLEGAL RE-IMPRISONMENT

|  |  |
|---|---|
|  | TO CONVINCE FEDERAL GUARDS THAT I SHOULD BE RE-IMPRISONED THERE BECAUSE I WAS THE SAME MAN THEY TOOK OUT OF THAT PRISON ON MARCH 5,1973. THAT SURELY WAS AN ILLEGAL ACT TO PERFORM, based upon the principle that the only accepted fact for imprisonment of me was that (3) Caucasian men had me in CHAINS at the front gate of the FEDERAL PRISON!!! |
| JUNE  ,1973 | I filed a pro se petition to be released from ILLEGAL CONFINEMENT. I sent it to Boston, MASS. and the SUPREME JUDICIAL COURT for Suffolk County, Docketed it as LAW 73-226. I was ignorant of the law, which holds that a STATE COURT has no legal authority over FEDERAL PRISON WARDENS OR U.S. MARSHALS. |
| MAY 28,1974 | U.S. MARSHALS obeyed the STATE SUPREME COURT ORDER to bring me to court for a CIVIL HEARING on whether U.S. MARSHALS were holding me legally. I was placed into the BOSTON'S CHARLES STREET JAIL. |
|  | I, still under custody of U.S.MARSHALS was taken before (2) JUSTICES of the STATE SUPREME JUDICIAL COURT. No written disposition or order issued |
| JUNE 10,1974 | U.S.MARSHALS removed me over to a new location; the PLYMOUTH COUNTY JAIL, instead of returning me to the prison in GEORGIA. They were acting TOTALLY ILLEGAL as I have now learned! |
| RE-IMPRISONMENT ILLEGAL |  |
| JUNE 14,1974 | U.S.MARSHALS without legal authority RE-IMPRISONED me into Mass. penal facility at MCI-NORFOLK, |
| FEB.14,1975 | I was ILLEGALLY RE-IMPRISONED into MCI-Walpole, where I have been continously!!! (SINCE)! |

73

## CRIMES AGAINST PUBLIC JUSTICE

| | |
|---|---|
| **JULY 13,1972**<br><br>**NEW JERSEY** | The same guards, after getting whiskey, ILLEGALLY turned me over to the SHERIFF in TRENTON, NEW JERSEY, and I claim that their acts were enhancing the ongoing conspiracy to OBSTRUCT JUSTICE IN THE BOYD MURDER TRIAL by preventing me to testify. |
| **JULY 15,1972**<br><br>**VIRGINIA** | The same guards, in PETERBURG, VIRGINIA, unshakled my leg irons and left the car UNLOCKED while they walked out of site to lure me into an attempt-escape mode. |
| **JULY 15,1972**<br><br>**GEORGIA** | The same guards ILLEGALLY entered the FEDERAL RESERVATION and without any legal authority or papers they ILLEGALLY turned me over to the Federal Warden, using an OLD VOID (former Gov. Volpe) State-Federal Contract document. |
| **MAR.5,1973**<br><br><br><br>**FEDERAL** | MASS.(civil) state police officers from Dept.of Correction, ILLEGALLY asserted state police powers in GEORGIA on the FEDERAL RESERVATION using an INVALID-DEFECTIVE writ of HABEAS CORPUS TO TESTIFY address to only the SUPERINTENDENT of the Massachusetts State Prison, to take me by force out of the Federal Pris enroute back to Mass. purportedly to TESTIFY at the BRADFORD BOYD MURDER TRIAL. I opposed them using an INVALID-DEFECTIVE writ in doing so, and again asserting that they had legal authority on Federal grou and that I was still serving the Massachusetts sentences; I claimed Mass. lost criminal jurisdiction by the original KIDNAPPING of me!!! |
| **MAR.5,1973**<br><br>**NORTH CAROLINA** | The same prison guards stopped in PINE HILL,NORTH CAROLINA and turned me over to the custody of the KLU KLUX KLAN SHERIFF OF GUILFORD COUNTY, ILLEGALLY!!! |

# CHRONOLOGY OF EVENTS ON KIDNAPPING
# AND ILLEGAL RE-IMPRISONMENT

74

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                      SUPREME JUDICIAL COURT

[*]  ABDUL JALEEL MAHDI    *
     IRVIN 2X JONES,       *
                           *          NO. 73-226
          VS.             *
                           *       *NO. 73-226*
                           *
     DEPARTMENT OF CORRECTION

*Justice ✓ Braucher*

     Before:  BRAUCHER, J.

*Mass. Waived
Jurisdiction
over the Petitioners*
_____

APPEARANCES:

     Richard Shapiro, Esquire
     (Prisoners Rights)
     Washington Street, Boston, Massachusetts
     For the Plaintiff.

     Robert Greco, Esquire
     (Office of the Attorney General)
     One Ashburton Place, Boston, Massachusetts
     For the Defendant.


     -----------------
     [*] Name Changed
         by Court Decree 1976-77.

                                  *May 15, 1973*
                            Wednesday, May 15, 1974
                            Supreme Judicial Court
                            Boston, Massachusetts
                                        10:00 a.m.
                            -----------------------
                            IRVIN 2X WAS UNDER THE
                          ✓ CUSTODY OF DEPUTY U.S.
                          ✓ MARSHALS (ILLEGALLY)

*US marshals
ILLEGALLY
KIDNAPPED ME
TO A "CIVIL"
"CASE!"*



*Exhibit
PAGE 1 of 2* →

75

# ILLEGAL
# INTERSTATE
# COMMITMENTS

### False imprisonment;

Hampden County Superior Court orders imposing sentences in Massachusetts had no legal force to confine Mahdi in



a) Providence, Rhode Island, at:
Lat. 41 degrees, 49 minutes, 32 seconds;
Long. 71 degrees, 24 minutes, 41 seconds.

b) Hew Haven, Connecticut, at:
Lat. 41 degrees, 18 minutes, 25 seconds;
Long. 72 degrees, 55 minutes, 30 seconds;

c) Bridgeport, Connecticut, at:
Lat. 41 degrees, 10 minutes, 49 seconds;
Long. 73 degrees, 11 minutes, 22 seconds.

76

ILLEGAL
INTERSTATE
COMMITMENTS

**False Imprisonment;**

Hampden County Superior Court
orders imposing sentences in Mas-
sachusetts had no legal force to



**NEW YORK**
**2nd Circuit**

TO PREVENT BEING A DEFENSE
WITTNESS IN A MURDER TRIAL
The Petitioner was, by force

and against his will, taken from

the STATE OF MASSACHUSETTS THROUGH

Massqchusetts Special State Prison

Guards (WHO CARRIED NO "POLICE"

POWERS BEYOND THE BORDERS OF MASSA-

CHUSETTS) and their illegal restraints

upon the Petitioner IN THEIR VEHICLE

was a nullity of state criminal convictions.

NCCI LIBRARY COPIER

Irvin Jones

MERCER COUNTY
JAIL
TRENTON, N.J.

Jul 13  11:41 AM '72

Trenton, N.J.
July 13, 1972

JUL 13  11:41 AM '72

July 13, 11:41 PM '72

State of New Jersey, Mercer County

*To the Warden or Keeper of the Mercer County Jail:*

I herewith remand to your custody ............ *Irvin Jones*

charged with ............ *Remand       (In Transit)*

to await hearing or examination

*Harris A. Arenburg*

Title *Sr. Corr. Officer*
*Comm. Mass.*

*Walpole Mass.*

FORM MCJ 12

THE4
CEASE
TO
BE
OFFICERS

HARRIS A. ARENBURG
SR.CORR.OFFICER
COMM.MASS.

WALPOLE,MASS.

(EMPHASSIS ADDED)



Hampden County Superior Court orders imposing sentences in Massachusetts had no legal force to confine Mahdi in **NEW JERSEY** ^ ^ Circuit

**ILLEGAL INTERSTATE COMMITMENTS**

**False imprisonment;**

d) <u>Elizabeth, New Jersey</u>, at:
   Lat. 40 degrees, 39 minutes, 43 seconds;
   Long. 72 degrees, 12 minutes, 59 seconds;

e) <u>Jersey City, New Jersey</u>, at:
   Lat. 40 degrees, 43 minutes, 50 seconds;
   Long. 74 degrees, 03 minutes, 56 seconds.

f) <u>Newark, New Jersey</u>, at:
   Lat. 40 degrees, 44 minutes, 14 seconds;
   Long. 74 degrees, 10 minutes, 19 seconds.

g) <u>Trenton, New Jersey</u>, at:
   Lat. 40 degrees, 13 minutes, 14 seconds;
   Long. 74 degrees, 46 minutes, 13 seconds.

h) <u>Camden, New Jersey</u>, at:
   Lat. 39 degrees, 56 minutes, 41 seconds;
   Long. 75 degrees, 07 minutes, 14 seconds.

80

**FALSE IMPRISONMENT**

ILLEGAL
INTERSTATE
COMMITMENTS

Hampden County Superior Court
orders imposing sentences in Mas-
sachusetts had no legal force to
confine Mahdi in



## PENNSYLVANIA

The state no longer has special super-
visory authority over the person.

✱ p) <u>WEST CHESTER, PENNSYLVANIA</u>, at:
Lat. 39 degrees, 56 minutes, 58 seconds;
Long. 75 degrees, 09 minutes, 21 seconds.

FALSE IMPRISONMEN



ILLEGAL
INTERSTATE
COMMITMENTS

False imprisonment;

Hampden County Superior Court
orders imposing sentences in Mas-
sachusetts had no legal force to
confine Mahdi in
**MARYLAND**

j) <u>Baltimore, Maryland</u>, at:
Lat. 39 degrees, 17 minutes, 26 seconds;
Long. 75 degrees, 32 minutes; 51 seconds.

$82$

ILLEGAL
INTERSTATE
COMMITMENTS

FALSE IMPRISONMENT

False Imprisonment;

Hampden County Superior Court
orders imposing sentences in Mas-
sachusetts had no legal force to
confine Mahdi in

**DELAWARE**



i) <u>Wilmington, Delaware</u>, at:
Lat. 39 degrees, 44 minutes, 46 seconds;
Long. 75 degrees, 32 minutes, 51 second

83

ILLEGAL
INTERSTATE
COMMITMENTS

False imprisonment;

Hampden County Superior Court
orders imposing sentences in Mas-
sachusetts had no legal force to
confine Mahdi in

FALSE IMPRISONMENT

## DISTRICT OF COLUMBIA
### District of Coumbia Circuit



k) <u>Washington, D.C.</u>, at:
    lat. 38 degrees, 53 minutes, 51 seconds;
    Long. 77 degrees, 00 minutes, 33 seconds.

Washington, DC .

89.

ILLEGAL
INTERSTATE
COMMITMENTS

FALSE IMPRISONMEN

**False imprisonment:**

Hampden County Superior Court orders imposing sentences in Massachusetts had no legal force to confine Mahdi in • • •

**NORTH CAROLINA**
**4th Circuit**



m) WINSTON-SALEM, NORTH CAROLINA, at:
Lat. 36 degrees, 05 minutes, 52 seconds;
Long. 90 degrees, 14 minutes, 42 seconds.

n) HIGH POINT, NORTH CAROLINA, at:
Lat. 34 degrees, 50 minutes, 50 seconds;
Long. 82 degrees, 24 minutes, 01 seconds.

The state no longer has special supervisory authority over the person.

2 5



# Atlanta Penitentiary

### Covering up
#### OF THE
#### FALSE IMPRISONMENT
#### OF



a6

## COMMONWEALTH OF MASSACHUSETTS.

SUFFOLK, SS.                                        SUPREME JUDICIAL COURT

No. 73-266 Law
226

Exhibit

To:    the WARDEN
         UNITED STATES PENITENTIARY
         ATLANTA, GEORGIA

GREETING:

WE COMMAND you that the body of  IRVIN 2X JONES
in xxuxyour U.S. Penitentiary      under your custody, as it is said, by
whatsoever name the said    IRVIN 2X JONES        shall be called, you have

under safe and secure conduct before our Justices of the Supreme Judicial Court
holden at Boston within and for our County of Suffolk, on  Wednesday
the  twenty-fourth  day of April, current, at  9:30  o'clock, a.m.,
in the Full Court Room, 13th Floor,
xxBxxmxxxxx New Court House, Boston, Massachusetts, to testify in a certain
matter pending in our Court, and then and there to be heard and tried in the
matter of the petition of said IRVIN 2X JONES for a writ of habeas
corpus.

And immediately after said   IRVIN 2X JONES           shall then
and there have given his testimony before our said Justices that you return him,
the said   IRVIN 2X JONES         to the   U. S. Penitentiary,
Atlanta, Georgia,

under safe and secure conduct.

Hereof, fail not; and have there this writ.

WITNESS, G. JOSEPH TAURO, ESQUIRE, at Boston aforesaid the  eighteenth
day of   April            in the year of our Lord one thousand nine hundred
and seventy --four.

_John E. Powick_
Clerk.

87

THE COMANDS FROM THE STATE TO A
FEDERAL OFFICIAL IS ILLEGAL!
(ESPECIALY, WHERE NO COURT-SEAL
IS ON THIS "COMMAND")

SUFFOLK, SS.                    SUPREME JUDICIAL COURT

In obedience to the within petition, I have this day produced the body of the within named prisoner, **ABDUL J. MAHDI**   before the Single Justice Session of the Supreme Judicial Court.

April 24, 1974

*Officer*

*Deputy U.S. Marshal*

WRIT OF HABEAS CORPUS AD TESTIFICANDUM

DEPARTMENT OF CORRECTION

VS.

FKA (IRVIN 2X JONES *
ABDUL JALEEL MAIDI,*

SPECIAL PROSECUTOR OF the STATE OF NEW YORK, Plaintiff,

v.

UNITED STATES ATTORNEY FOR the SOUTHERN DISTRICT OF NEW YORK and Director, United States Marshals Service, Defendants.

No. 74 Civ. 1912.

United States District Court,
S. D. New York.
May 13, 1974.

SPECIAL PROS. OF N. Y. v. UNITED STATES ATTY. FOR S. D. N. Y.
Cite as 375 F.Supp. 797 (1974)

. . . state courts possess no power to remove a person from the jurisdiction of federal courts or agencies by writ of habeas corpus.

**ILLEGAL: FRUITS OF POISON TREE**

SUFFOLK S.S.
SUPREME JUDICIAL COURT
APR 28 1974
CLERK

Sull.35
2 day Perdiem        10.00
DUSH  "            172.54
DUSH Perry "       172.54
r Fare Jones      $ 86.27

R.11 C. MURRAY USM
N.d. GA.
By: Jack J. Garrigbelen

I hereby certify & return I, Irving 2x Jones
fra. USM Attorney G. to the U.S. Marshal for the D.
of Mass. at Boston, Mass. this 28th day April 1974.
W.this writ by transporting the captain-named I Irvin Jones



# Atlanta Penitentiary

## Covering up
### OF THE
## FALSE IMPRISONMENT
### OF



# COMMONWEALTH OF MASSACHUSETTS.

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT

No. 73-266 Law
~~226~~

```
┌─────────────────┐
│                 │
│    Exhibit      │
│                 │
│  _____    │
└─────────────────┘
```

To:    the WARDEN
            UNITED STATES PENITENTIARY
            ATLANTA, GEORGIA

GREETING:

WE COMMAND you that the body of  IRVIN 2X JONES
in ~~xxx~~ your U.S. Penitentiary      under your custody, as it is said, by
whatsoever name the said    IRVIN 2X JONES      shall be called, you have

under safe and secure conduct before our Justices of the Supreme Judicial Court
holden at Boston within and for our County of Suffolk, on  Wednesday
the twenty-fourth  day of April, current, at  9:30   o'clock, a.m.,
in the Full Court Room, 13th Floor,
~~xxxxxxxxxx~~ New Court House, Boston. Massachusetts, to testify in a certain
matter pending in our Court, and then and there to be heard and tried in the
matter of the petition of said IRVIN 2X JONES for a writ of habeas
corpus.

And immediately after said   IRVIN 2X JONES              shall then
and there have given his testimony before our said Justices that you return him,
the said   IRVIN 2X JONES         to the   U. S. Penitentiary,
Atlanta, Georgia,

under safe and secure conduct.

Hereof, fail not; and have there this writ.

WITNESS, G. JOSEPH TAURO, ESQUIRE, at Boston aforesaid the  eighteenth
day of   April       in the year of our Lord one thousand nine hundred
and seventy -four.

_John E. Powers_
Clerk.

*[handwritten in left margin, rotated:]* THE COMANDS FROM THE STATE TO A FEDERAL OFFICIAL IS ILLEGAL! (ESPECIALY, WHERE NO COURT-SEAL IS ON THIS "COMMAND")

*[handwritten bottom right:]* 90

SUFFOLK, SS.

SUPREME JUDICIAL COURT

In obedience to the within petition, I have this day produced the body of the within named prisoner, **ABDUL J. MAHDI** before the Single Justice Session of the Supreme Judicial Court.

April 24, 1974

*Officer*

*Deputy U.S. Marshal*

ILLEGAL: FRUITS OF POISON TREE

SUPERIOR S.S.
FILED

CLERK

WRIT OF HABEAS CORPUS AD TESTIFICANDUM

DEPARTMENT OF CORRECTION

vs.

**ABDUL JALEEL MAHDI,**
fka (IRVIN 2X JONES)

SPECIAL PROSECUTOR OF the STATE OF NEW YORK, Plaintiff,

v.

UNITED STATES ATTORNEY FOR the SOUTHERN DISTRICT OF NEW YORK and Director, United States Marshals Service, Defendants.

No. 74 Civ. 1912.

United States District Court, S. D. New York.

May 13, 1974.

SPECIAL PROS. OF N.Y. v. UNITED STATES ATTY. FOR S. D. N. Y.

Cite as 375 F.Supp. 797 (1974)

... state courts possess no power to remove a person from the jurisdiction of federal courts or agencies by writ of habeas corpus.

| | | $11.35 |
|---|---|---|
| 2 day Perdiem | | 10.00 |
| " DUSM | | 172.54 |
| " DUSM Perry | 172.54 | |
| 1 Fare Jones | $ 86.27 | |

[handwritten, inverted at bottom]
Marshalls Partial Return
I hereby certify that when I Partially executed the within writ by transporting the within-named Irvin Jones from USP Atlanta, GA. to the US Marshal for the Dist. of Mass. at Boston, Mass. this 28th day April 1974.

B: //C. Murray USM
N.G.GA.

//: Jah J. Georghese

91



# COMMONWEALTH OF MASSACHUSETTS.

SUFFOLK, SS.                          SUPREME JUDICIAL COURT

No. 73-226 Law

To:   the WARDEN
        UNITED STATES PENITENTIARY
        ATLANTA, GEORGIA

GREETING:

WE COMMAND you that the body of  IRVIN 2X JONES
in ~~his~~ your U.S. Penitentiary    under your custody, as it is said, by
whatsoever name the said   IRVIN 2X JONES        shall be called, you have

under safe and secure conduct before our Justices of the Supreme Judicial Court
holden at Boston within and for our County of Suffolk, on  Wednesday,
the     first      day of   May, 1974,  · at  9:30  o'clock, a.m.,

~~in Room 1806 New Court House,~~ Boston, Massachusetts, to testify in a certain
matter pending in our Court, and then and there to be heard and tried in the
matter of the petition of said   IRVIN 2X JONES for a writ of habeas
corpus.

And immediately after said     IRVIN 2X JONES          shall then
and there have given his testimony before our said Justices that you return him,
the said   IRVIN 2X JONES        to the  U.S. PENITENTIARY,
ATLANTA, GEORGIA,

under safe and secure conduct.

Hereof, fail not; and have there this writ.

WITNESS, G. JOSEPH TAURO, ESQUIRE, at Boston aforesaid the  twenty-fourth
day of   April            in the year of our Lord one thousand nine hundred
and seventy-four.

John E. Powers
Clerk.



I hereby Certify that ... the within-named Erwin Jones
within writ by transporting the within-named ... to the US Marshal for the Dist.
From USP Atlanta, Ga. to the US Marshal ... this 28th Day April 1974.
of Mass. at Boston, Mass.

| | | |
|---|---|---|
| Air Fare | Jones | $ 86.27 |
| " " | DUSM Berry | 172.54 |
| " " | DUSM | 172.54 |
| 1/2 day Perdiem | | 10.00 |
| | | $441.35 |

Bill C. Murray USM
No. GA.
by: John J. Berry, DUSM

IN THE SUP. JUD. COURT
PROOF OF BEING UNDER FEDERAL CUSTODY a.g.mahal

7

No. 73-226 Law

IRVIN JONES

vs.

DEPARTMENT OF CORRECTION

WRIT OF HABEAS CORPUS AD TESTIFICANDUM

SUFFOLK S.S.
SUPREME JUDICIAL COURT
FILED
APR 28 1974
CLERK

In obedience to the within petition, I have this day produced the body of the within named prisoner, IRVIN JONES, before the Single Justice Session of the Supreme Judicial Court.

April 24, 1974

Officer

93

Maximum _____ Death
Minimum _____
R. C. D. _____ Aug
Minimum _____ 1-20-71  Self-sent
mm c _____ note
Maximum _____
Parole _____

No. 18954

MASSACHUSETTS CORRECTIONAL
INSTITUTION, WALPOLE

Warrant

IRVIN JONES
vs.
AKA ABDAL TALEEL/MAHDI
ETA SENT

JUDGE
HAMPDEN County 18-20C
APPEAL TO SUPERIOR - DOCK 18-20C
REQUEST FOR LEAVE TO APPEAL MAILED  5-31-68
6-7-68
XXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXX
NATURAL LIFE

MASS. CORRECTIONAL INSTITUTION
WALPOLE

RECEIVED AND COMMITTED
MAY 29 1968

May     29,     1968

SUPERINTENDENT

And for so

Then personally appeared the said
id made oath that the expenses above mentioned
ere necessarily incurred and the charges reason

R. R. Fac.
Copy
Service,
Travel,

In obedience to the within warrant, I have conveyed the within named Defendant to the Massachusetts
rectional Institution, Walpole, in the County of Norfolk, and delivered him to the Principal Officer thereof,
h is an attested copy of this warrant, and my return thereon.

Deputy
Sheriff

PDEN, to wit:



# Atlanta Penitentiary

## Covering up
### OF THE

## FALSE IMPRISONMENT

### OF





MARSHALL'S PARTIAL RETURN

I hereby Certify & Return I Partially executed the within writ by transporting the within-named ERWIN JONES FROM USP Atlanta, Ga. to the US Marshal for the Dist. of Mass. at Boston, Mass. this 28th Day April 1974.

Bill C. Murray USM
No. GA.
By: John J. Berry, Dusm

| Air Fare | Jones | $ 86.27 |
| " | " DUSM Perry | 172.54 |
| " | " DUSM | 172.54 |
| 1/2 day Perdiem | | 10.00 |
| | | $441.35 |

IN THE SUP. JUD. COURT
PROOF OF BEING UNDER FEDERAL CUSTODY as marked

Exhibit

No. 73-226 Law

IRVIN JONES

vs.

DEPARTMENT OF CORRECTION

WRIT OF HABEAS CORPUS AD TESTIFICANDUM

SUFF CLK S.S.
SUPREME JUDICIAL COURT
FILED
APR 28 1974
CLERK

SUFFOLK, SS.          SUPREME JUDICIAL COURT

In obedience to the within petition, I have this day produced the body of the within named prisoner, IRVIN JONES, before the single Justice Session of the Supreme Judicial Court.

Officer
Deputy U.S. Marshal

April 24, 1974.

96

## PETE v. METCALFE
Cite as 8 F.3d 214 (5th Cir. 1993)



## False Imprisonment

Elements of false imprisonment under Texas law are willful detention without consent and without authority of law.

97

# CHRONOLOGY OF EVENTS ON KIDNAPPING
## AND ILLEGAL RE-IMPRISONMENT
# Massachusetts
## STATE CRIMINAL JURISDICTION

*(Map of Massachusetts counties: VERMONT, NEW HAMPSHIRE, NEW YORK, FRANKLIN, BERKSHIRE, HAMPSHIRE, MIDDLESEX, ESSEX, WORCESTER, SUFFOLK, Boston, NORFOLK, HAMPDEN, RHODE ISLAND, CONNECTICUT, BRISTOL, PLYMOUTH, BARNSTABLE, DUKES, NANTUCKET)*

GOVERNMENT OF VIRGIN ISLANDS v. BERRY
Cite as 604 F.2d 221 (1979)

False imprisonment and kidnapping
Whoever without lawful authority confines or imprisons another person within this Territory against his will, or confines or inveigles or kidnaps another person, with intent to cause him to be confined or imprisoned in this Territory against his will, or to cause him to be sent out of this Territory against his will; and whoever willfully and knowingly sells, or in any manner transfers, for any term, the services or labor of any other person who has been unlawfully seized, taken, inveigled or kidnapped from this Territory to any other state, territory or country,





# COMMONWEALTH OF MASSACHUSETTS.

SUFFOLK, SS.                                    SUPREME JUDICIAL COURT,

No. 73-266 Law



To:     the WARDEN

UNITED STATES PENITENTIARY

ATLANTA, GEORGIA

GREETING:

WE COMMAND you that the body of  IRVIN 2X JONES
in your U.S. Penitentiary     under your custody, as it is said, by
whatsoever name the said    IRVIN 2X JONES     shall be called, you have

under safe and secure conduct before our Justices of the Supreme Judicial Court
holden at Boston within and for our County of Suffolk, on  Wednesday
the  twenty-fourth  day of April, current, at  9:30    o'clock, a.m.,
in the Full Court Room, 13th Floor,
New Court House, Boston, Massachusetts, to testify in a certain
matter pending in our Court, and then and there to be heard and tried in the
matter of the petition of said IRVIN 2X JONES  for a writ of habeas
corpus.

And immediately after said   IRVIN 2X JONES         shall then
and there have given his testimony before our said Justices that you return him,
the said  IRVIN 2X JONES        to the   U. S. Penitentiary,
Atlanta, Georgia,

under safe and secure conduct.

Hereof, fail not; and have there this writ.

WITNESS, G. JOSEPH TAURO, ESQUIRE, at Boston aforesaid the  eighteenth
day of   April          in the year of our Lord one thousand nine hundred
and seventy -four.

John E. Powers

Clerk.

99

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1999.

Decided Jan. 6, 2000.

18. U.S. v. CUNNINGHAM
Cite as 201 F.3d 20 (1st Cir. 2000)

If any person was abducted to facilitate the commission of the offense [referring to the offense of,

U.S.S.G. § 2E2.1(b)(3)(A). "Abducted" is defined in the application notes to § 1B1.1 as follows:

(a) "Abducted" means that a victim was forced to accompany an offender to a different location.

[10] In support of his first argument, Cunningham refers to the use of the word "force" in the definition of "abducted" provided in the guidelines. The guideline's use of this term is not sufficient to uphold Cunningham's interpretation of the guideline. First, the word "force" in no way suggests that the force exerted must be of a physical or violent nature. There is nothing in the plain meaning of the guideline to suggest that the force used must be physical. "Force" is defined as compelling "by physical, moral, or intellectual means" or "to impose" or "to win one's way." Webster's Seventh New Collegiate Dictionary 326 (1970).

8.

## OFFENSES AFFECTING SOVEREIGNTY

## COMMONWEALTH OVER PERSONS IN OTHER STATES

"Fruit of Poisonous Tree Doctrine"

### PRISON GUARDS,

THEMSELVES, ACT BEYOND THE LIMITATIONS OF THEIR [S]TATE [S]TATUTORY "POLICE POWERS", AND ARE NO MORE THAN "COMMON CITIZENS", THEMSELVES, WHEN IN OTHER SOVEREIGNTIES OF DISTANT STATES.

IN THE
SUPREME COURT OF THE UNITED STATES

SCOTT v. McNEAL, 154 U.S. 34,46

"* * * IF A (STATE) ATTEMPTS TO EXERCISE
SUCH POWERS WITH RESPECT TO PERSONS . . .
BEYOND ITS BORDERS. ITS ACTION IS IN
CONFLICT WITH THE 14TH AMENDMENT AND IS
VOID."

### UNITED STATES v. BENNETT
Cite as 709 F.2d 303 (1983)

However, "[a] private person cannot act unilaterally as an agent or instrument of the state; there must be some degree of governmental knowledge and acquiescence".



## OFFICIAL OPINIONS

#### FROM THE

### Supreme Judicial Court

### of Massachusetts

THAT THE  <u>MASSACHUSETTS SUPREME JUDICIAL COURT</u>, ALSO

RULED MAKING IT CLEAR, DEFINING "FALSE IMPRISONMENT":

COMMONWEALTH v. NICKERSON  (SEE FOOTNOTE BELOW)
87 MASS. (5 ALLEN) 518

ON PAGES: 518,526:  The ABDUCTION    ILLEGAL    IMPRISONMENT

"EVERY SUCH RESTRAINT OF THE LIBERTY OF A
PERSON, <u>IF NOT JUSTIFIED BY LAW</u>, IS IN THE
EYE OF THE LAW <u>A FALSE IMPRISONMENT</u> ..."

"...AND <u>A TRANSFER</u> TO OTHER PERSONS <u>FORBID-
DEN BY LAW TO TAKE CUSTODY</u> . . . HE WAS UNDER
ILLEGAL RESTRAINT, <u>WHEN TAKEN AWAY</u> ...AND
PLACED UNDER THE CARE OF THOSE WHOSE CUSTODY
WAS ...(<u>ILLEGAL RESTRAINT</u>)."

of ABDUL JALEEL MAHDI



(EMPHASIS ADDED)

# ✓ INTRA-STATE  OR:
# ✓ INTER-STATE

Snapshot picture of Mr. Mahdi

108

## INTERFERENCE WITH COMMERCE BY EXTORTION

## (HOBBS ACT—RACKETEERING)

### 18 USC § 1951(a)

Title 18, United States Code, Section 1951(a), makes it a Federal crime or offense for anyone to extort something from someone else and in so doing to interfere with interstate commerce.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

*First:* That the Defendant induced the person described in the indictment to part with property;

*Second:* That the Defendant did so knowingly and willfully by means of "extortion," as hereafter defined; and

*Third:* That the extortionate transaction delayed, interrupted or adversely affected interstate commerce.

"Extortion" means to obtain property from someone else with his consent, but whose consent is brought about or induced by the wrongful use of actual or threatened force, violence or fear. "Extortion" also includes the wrongful acquisition of property from someone else under color of official right.

The term "property" includes not only money and other tangible things of value, but also includes any intangible right considered as a source or element of income or wealth.

The term "fear" means a state of anxious concern, alarm or apprehension of harm, and it includes fear of economic loss as well as fear of physical violence.

103



# OFFICIAL OPINIONS

FROM THE

## Supreme Judicial Court

## of Massachusetts

**coram non judice** *(Lat.)*

In the presence of a court of incompetent jurisdiction, and hence void.

### LEWIS PIPER V. TIMOTHY PEARSON

68 MASS. (2 GRAY) 120

A judge of an inferior court, acting in a case of which he has no jurisdiction, or exceeding his jurisdiction, is liable in damages to any party injured. The record of a conviction by an inferior court must show, in order to protect the justice from liability to a person imprisoned pursuant to such conviction, that the case was within the limits of his jurisdiction.

104

# OFFICIAL OPINIONS

### FROM THE

## Supreme Judicial Court
## of Massachusetts

### *Habeas Corpus*
Grand Jury Foreman's Failure
To Sign Indictment

Page 116      THACHER'S CRIMINAL CASES

Commonwealth v. Sargent and other

COMMONWEALTH v. SARGENT and others
(*) THACHER'S CRIMINAL CASES.

## AUGUST TERM, 1825.

## Commonwealth v. Hosea Sargent and Seven Others.

Where a trial had been commenced, and it was then discovered that the indictment was not signed by the foreman of the grand jury, it was *held*, that no further proceedings could be had on it, (although the counsel were willing to proceed.)

Where a trial had been commenced, and it was then discovered that the indictment was not signed by the foreman of the grand jury, and the indictment was withdrawn from the jury, it was *held*, that they could not find another bill against the same persons, for the same offence, without the authority of the court.

In this case, the indictment wants the usual evidence that it was found by the jury, and therefore can only be regarded as waste paper.

Page 118

105

CRIMES & CRIMINAL PROCEDURE

# CHAPTER 13.   CIVIL RIGHTS

## 18 USCS §

### § 241.   Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(As amended Sept. 13, 1994, P. L. 103-322, Title VI, § 60006(a), Title XXXII, Subtitle A, § 320103(a), Subtitle B, § 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, P. L. 104-294, Title VI, §§ 604(b)(14)(A), 607(a), 110 Stat. 3507, 3511.)

CRIMES                                                                 **18 USCS § 242,**

### § 242.   Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(As amended Sept. 13, 1994, P. L. 103-322, Title VI, § 60006(b), Title XXXII, Subtitle A, § 320103(b), Subtitle B, § 320201(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970, 2109, 2113, 2147; Oct. 11, 1996, P. L. 104-294, Title VI, §§ 604(b)(14)(B), 607(a), 110 Stat. 3507, 3511.)

ALSO VIOLATING: FRAUD INTO THE

## THE WAIVER DOCTRINE:

When a state comes within the boundries of another state, it does not carry with it any of the attributes of sovereignty, and is subject to the laws of such other state

It is evident that a jurisdictional infringement of sovereign to another must not be allowed.

*Barrett v. Bartley*, 323 Ill. 437 50 N.E.2d 577:

" . . . the state . . . operated to waive any further jurisdiction over the prisoner.

"Where though the original imprisonment was lawful, *yet by someone admission or event which has subsequently taken place,* the party has become *entitled to his discharge.*

"*Under this view of the act . . . and of the law* . . . he is entitled to his discharge."

Jones v. Rayborn, 346 S.W.2d 743, Ky. (1961):

"As pointed out . . . different questions arise when there is a surrender of a convict to authorities of another jurisdiction, when the convict is in custody . . .

"Waiver doctrine" nullified the state's sentences.

"He was not subject to re-imprisonment . . .

"He was returned to (the state) under an instrument (mittimuses) which has no basis in law or in fact." Because it was nullified by use beyond borders.

# MASSACHUSETTS

# STATE POLICE

### (PRISON TRANSPORTATION)
### GUARDS

# ILLEGAL PRACTICES

107

# Criminal jurisdiction

COMMONWEALTH

v.

David B. HARRIS.

Appeals Court of Massachusetts,
Suffolk.

Argued May 14, 1980.
Decided Jan. 16, 1981.

COM. v. HARRIS
Cite as, Mass.App., 415 N.E.2d 216

*PRISON GUARD*

In Massachusetts a (police) officer

"When the ... officers came to [the adjoining jur-
isdiction], they ceased to be officers

The officer's official authority

however, is limited to
the territorial jurisdiction of his appoint-
ment (Report of the Attorney Gen., Pub.
Doc.No.12, at 136 [1967];

UNITED STATES v. BENNETT
Cite as 709 F.2d 803 (1983)

805

However, "[a] private
person cannot act unilaterally as an agent
or instrument of the state; there must be
some degree of governmental knowledge
and acquiescence."

*108*

# *Commonwealth of Massachusetts*

§ 2          JURISDICTION OF THE COMMONWEALTH                    C. 1

## § 2. Jurisdiction of the Commonwealth.

The sovereignty and jurisdiction of the commonwealth shall extend to all places within its boundaries subject to the concurrent jurisdiction granted over places ceded to or acquired by the United States.



Restrictions Upon the

## JURISDICTION OF COMMONWEALTH

### CHAPTER II.

EXECUTIVE POWER.

Section I.
GOVERNOR.

Provided, that the said Governor shall not, at any time   Limitation. hereafter, by virtue of any power by this Constitution granted, or hereafter to be granted to him by the Legislature, transport any of the inhabitants of this Commonwealth, or oblige them to march out of the limits of the same, without their free and voluntary consent,

109



THE WAIVER DOCTRINE:

MASSACHUSETTS

Boston (May sit elsewhere)

93 SUPREME COURT REPORTER

GOLDSTEIN v. CALIFORNIA

Cite as 93 S.Ct. 2303 (1973)

412 US 546, 37 Ed 2d 163

412 U.S. 556

**2309**   Congress grants
an exclusive right or monopoly, its ef-
fects are pervasive; no citizen or State
may escape its reach.  As we have not-
ed, however, the exclusive right granted
|561| by a State is confined to its borders.

412 U.S. 560

**2312**
We must also be careful to distinguish
those situations in which the concurrent
exercise of a power by the Federal Gov-
ernment and the States or by the States
alone *may possibly* lead to conflicts and
those situations where conflicts *will nec-
essarily* arise.  "It is not  .  .  .  a
|555| mere possibility of inconvenience in the
exercise of powers, but an immediate
constitutional repugnancy that can by
implication alienate and extinguish a
pre-existing right of [state] sovereign-
ty."  The Federalist No. 32, p. 243 (B.
Wright ed. 1961).

THE WAIVER DOCTRINE

# Commonwealth of Massachusetts

§ 2

JURISDICTION OF THE COMMONWEALTH

C. 1

## § 2. Jurisdiction of the Commonwealth.

The sovereignty and jurisdiction of the commonwealth shall extend to all places within its boundaries subject to the concurrent jurisdiction granted over places ceded to or acquired by the United States.



## Restrictions Upon the

## JURISDICTION OF COMMONWEALTH

### CHAPTER II.

#### EXECUTIVE POWER.

#### Section I.
##### GOVERNOR.

Provided, that the said Governor shall not, at any time    Limitation.
hereafter, by virtue of any power by this Constitution
granted, or hereafter to be granted to him by the Legislature,
transport any of the inhabitants of this Commonwealth, or
oblige them to march out of the limits of the same, without
their free and voluntary consent,

THE [P]ETITIONER DID NOT GIVE A VOLUNTARY CONSENT

TO MASS. STATE PRISON OFFICIALS.



THE WAIVER DOCTRINE:

Habeas Corpus Proceedings

Superior Court Judge judicial obligations to release Mahdi from illegal confinement; COMMONWEALTH . . . . failed to prove legal custody outside of Massachusetts.

93 SUPREME COURT REPORTER

GOLDSTEIN v. CALIFORNIA

Cite as 93 S.Ct. 2303 (1973)    412 U.S. 556

**2309** Congress grants an exclusive right or monopoly, its effects are pervasive; no citizen or State may escape its reach. As we have noted, however, the exclusive right granted by a State is confined to its borders.

412 U.S. 560

**2312** We must also be careful to distinguish those situations in which the concurrent exercise of a power by the Federal Government and the States or by the States alone *may possibly* lead to conflicts and those situations where conflicts *will necessarily* arise. "It is not . . . a mere possibility of inconvenience in the exercise of powers, but an immediate constitutional repugnancy that can by implication alienate and extinguish a pre-existing right of [state] sovereignty." The Federalist No. 32, p. 243 (B. Wright ed. 1961).

THE WAIVER DOCTRINE

ALL STATE CONVICTIONS
WERE TERMINATED WHEN
MASS. PRISONS GUARDS
KIDNAPED ME THRU SEVERAL
OTHER STATES AND CHANGED
MY NAME IN PENNA.



THE WAIVER DOCTRINE:

MASSACHUSETTS

93 SUPREME COURT REPORTER

GOLDSTEIN v. CALIFORNIA

Cite as 93 S.Ct. 2303 (1973)

412 US 546, 37 Ed 2d 163

412 U.S. 556

2309

Congress grants an exclusive right or monopoly, its effects are pervasive; no citizen or State may escape its reach. As we have noted, however, the exclusive right granted by a State is confined to its borders.

561

412 U.S. 560

2

We must also be careful to distinguish those situations in which the concurrent exercise of a power by the Federal Government and the States or by the States alone *may possibly* lead to conflicts and those situations where conflicts *will necessarily* arise. "It is not . . . a mere possibility of inconvenience in the exercise of powers, but an immediate constitutional repugnancy that can by implication alienate and extinguish a pre-existing right of [state] sovereignty." The Federalist No. 32, p. 243 (B. Wright ed. 1961).

*Exhibit*
*# 6 (A)*

THE WAIVER DOCTRINE

ON ALL STATE
PRISON SENTENCES

# STATE CRIMINAL JURISDICTION

The process of a state court does not and cannot run beyond the territorial limits of that state.

Massachusetts Department of Correction warned all prison guards by rules and regulations that:

> "22. You must not allow or transport an inmate off the property without the permission of the superintendent or his deputies , <u>when so transporting near the boundries of the Commonwealth be careful you do not cross over into another State."</u>
> (Otherwise, the action will nullify the legal force of the inmate's sentence - permanently!)



## Ch. 55 KIDNAPING

18 § 1201

Historical and Revision Notes

1972 Amendment. Subsec. (a). Pub.1 92-539 substituted "Kidnaping" for "Transportation" in the section catching and, in subsec. (a), extended the jurisdictional base to include acts committed within the special maritime, territorial, and aircraft jurisdiction of the United States.

114



KIDNAPPING
Federal laws are violated when forcing
state prisoners across several other state
borders - beyond criminal jurisdiction of
Massachusetts

THE WAIVER DOCTRINE:

MASSACHUSETTS

SUPREME COURT OF THE UNITED STATES

## Process

Process cannot reach a party beyond the territorial jurisdiction of the court. Pennoyer v Neff, 95 US 714,   24 L Ed 565

No judicial process can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond those boundaries is lawless violence. Ableman v Booth, 21 How 506, 16 L Ed 169

The process of a state court does not and cannot run beyond the territorial limits of that state. Tioga R. Co. v Blossburg & C. R. Co. 20 Wall 137, 22 L Ed 331

/15

## § 2. Jurisdiction of the Commonwealth.

The sovereignty and jurisdiction of the commonwealth shall extend to all places within its boundaries subject to the concurrent jurisdiction granted over places ceded to or acquired by the United States.



*Commonwealth of Massachusetts*

IN THE

SUPREME COURT OF THE UNITED STATES

If a defendant in a civil case be brought within the process of the court by a trick or device, the service will be set aside <u>and he will be discharged from custody.</u> Re Johnson, 167 US 120, 17 S Ct 735,

**42 L Ed 103**

<u>Service of process outside of the limits of the state is not operative to bring the party served within the jurisdiction of the court ordering the process.</u> Brown v Fletcher, 210 US 82, 28 S Ct 702,

**52 L Ed 966**

"Process" is judicial writ issued from court expressing its command, which the person to whom it is directed must obey.

116

3

# Massachusetts



POLITICAL DIVISIONS
STATE
JURISDICTIONS
OF COUNTIES
AND COURT-
JURISDICTIONS

THE COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF COMMUNITY AFFAIRS

CITIES, TOWNS AND COUNTIES

## VALID STATE LAW . . . STILL:

PUBLIC STATUTE, CHAPTER 72 ACTS OF 1784  AN ACT DIRECTING THE PROCESS IN HABEAS CORPUS, January Session: Chapter 39.

At 182, 183, Section 10

"That if any person shall transport, or carry, or cause to be transported or carried any subject of this Commonwealth, or other person lawfully residing and inhabiting therein *to any part or place without the limits of the same,* by land or water, *without his consent or voluntary agreement* . . . every person so offending, and every person aiding and abetting the same . . . shall be punished . . . and be further liable to the action of the party grieved."

## CORPUS JURIS SECUNDUM

see: *Graham State,* 17 So.2d. 210, 196 Miss. 382:

"STATE CRIMINAL JURISDICTION of its counties bordering on neighboring State(s) is limited to its Boundries and when waterways exist, the Boundries are placed in the center of channel of the river, providing legislature of States involved pass ACTS OF LAW similar to and in concert with the State(s) in controversy."

117



THE WAIVER DOCTRINE:

MASSACHUSETTS

93 SUPREME COURT REPORTER

GOLDSTEIN v. CALIFORNIA

Cite as 93 S.Ct. 2303 (1973)   412 U.S. 556

412 US 546, 37 Ed 2d 163

**2309** Congress grants an exclusive right or monopoly, its effects are pervasive; no citizen or State may escape its reach. As we have noted, however, the exclusive right granted by a State is confined to its borders.

│561

412 U.S. 560

**2312** We must also be careful to distinguish those situations in which the concurrent exercise of a power by the Federal Government and the States or by the States alone *may possibly* lead to conflicts and those situations where conflicts *will necessarily* arise. "It is not   .   .   .   a │555│ mere possibility of inconvenience in the exercise of powers, but an immediate constitutional repugnancy that can by implication alienate and extinguish a pre-existing right of [state] sovereignty." The Federalist No. 32, p. 243 (B. Wright ed. 1961).

THE WAIVER DOCTRINE

3.

118

# INTERSTATE TRANSPORTATION

Texas authorities who forcibly brought prisoner across Oklahoma state line for purpose of investigating missing cattle and turned him over to an Oklahoma sheriff, who had stated that he wanted prisoner, without saying they wanted him back, had absolutely, unconditionally and voluntarily released prisoner and had waived their jurisdiction over him and their right to demand his return as a fugitive. Anderson v. State (Okl.Cr.1963) 386 P.2d 320.

44.

ED

# PETERS JEWELRY CO. v. C & J JEWELRY CO.

Cite as 215 F.3d 182 (1st Cir. 2000)

MAHDI

191

**[10]** The hallmarks of fraud are misrepresentation or deceit. Black's Law Dictionary 670 (7th ed.1999); Restatement (Second) of Torts §§ 525–30 (1977); *see also* 37 Am.Jur.2d § 1, at 19 (1968) (fraud deemed to comprise anything calculated to deceive); 37 *id.* § 4 (stressing requirement of intentional deception for "actual fraud").

The case law in Rhode Island applies the same basic principles:

In order for fraudulent misrepresentation or deceit to be found, the complaining party must show not only that the defendant had an intention to deceive, but the complainant also must present sufficient proof that the party detrimen-

130

tally relied upon the fraudulent repre- **192**
sentation.

*Asermely v. Allstate Ins. Co.,* 728 A.2d
461, 464 (R.I.1999).

> To establish a prima facie damages
> claim in a fraud case, the plaintiff must
> prove that the defendant "made a false
> representation intending thereby to in-
> duce plaintiff to rely thereon" and that
> the plaintiff justifiably relied thereon to
> his or her damage.

*Travers v. Spidell,* 682 A.2d 471, 472–73
(R.I.1996) (citation omitted).

First Circuit cases regarding mail and
wire fraud similarly emphasize the deceit
requirement, even though that statutory
definition of fraud is read to be broader
than the common law definition. *See Bon-
illa v. Volvo Car Corp.,* 150 F.3d 62, 66–67
(1st Cir.1998), *cert. denied,* 526 U.S. 1098,
119 S.Ct. 1574, 143 L.Ed.2d 670 (1999)
(mail or wire fraud requires intent to de-

United States Court of Appeals,
Second Circuit.

**UNITED STATES of America,
Appellee,**

**v.**

**Francisco TOSCANINO, Appellant.**

**No. 746, Docket 73–2732.**

500 F.2d 269 (1974)

Decided May 15, 1974.

**1. Constitutional Law ☞257**

Requirement of due process in obtaining a conviction extends to the pretrial conduct of law enforcement authorities.

**2. Criminal Law ☞99**

Government should be denied the right to exploit its own illegal conduct, and when an accused is kidnapped and forcibly brought within the jurisdiction, court's acquisition of power over his person represents the fruits of the Government's exploitation of its own misconduct.

**3. Searches and Seizures ☞7(1)**

An illegal arrest constitutes a "seizure" of the person in violation of the Fourth Amendment. U.S.C.A.Const. Amend. 4.

**4. Constitutional Law ☞257**

Due process requires the court to divest itself of jurisdiction over the person of a defendant where such jurisdiction has been acquired as a result of

# Criminal jurisdiction

## COM. v. HARRIS
### Cite as, Mass.App., 415 N.E.2d 216

*PRISON GUARD*

In Massachusetts a (police) officer

"When the . . . officers came to [the adjoining jur-
isdiction], they ceased to be officers

The officer's official authority

however, is limited to
the territorial jurisdiction of his appoint-
ment (Report of the Attorney Gen., Pub.
Doc. No. 12, at 136 [1967];

## COMMONWEALTH
### v.
### David B. HARRIS.

Appeals Court of Massachusetts,
Suffolk.

Argued May 14, 1980.
Decided Jan. 16, 1981.

## UNITED STATES v. BENNETT
### Cite as 709 F.2d 803 (1983)

PAGE 805

However, "[a] private
person cannot act unilaterally as an agent
or instrument of the state; there must be
some degree of governmental knowledge
and acquiescence."

123

United States Court of Appeals,
First Circuit.

Heard Oct. 5, 1999.

Decided Jan. 6, 2000.

**U.S. v. CUNNINGHAM**   **26**
Cite as 201 F.3d 20 (1st Cir. 2000)

If any person was abducted to facilitate the commission of the offense [referring to the offense of

U.S.S.G. § 2E2.1(b)(3)(A). "Abducted" is defined in the application notes to § 1B1.1 as follows:

(a) "Abducted" means that a victim was forced to accompany an offender to a different location.

[10]   In support of his first argument, (*) Cunningham refers to the use of the word "force" in the definition of "abducted" provided in the guidelines. The guideline's use of this term is not sufficient to uphold (*) Cunningham's interpretation of the guideline. First, the word "force" in no way suggests that the force exerted must be of a physical or violent nature. There is nothing in the plain meaning of the guideline to suggest that the force used must be physical. "Force" is defined as compelling "by physical, moral, or intellectual means" or "to impose" or "to win one's way." Webster's Seventh New Collegiate Dictionary 326 (1970).

(*)

PETITIONER
INTERPOLATES
HIS NAME FOR
THE NAME OF
"CUNNINGHAM".

*134*

THIS [LAW] IS CLEAR AND UNAMBIGUOUS

# Ch. 55 KIDNAPING
## 18 § 1201

## § 1201.  Kidnaping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—

(1) the person is willfully ~~transported~~ in interstate or foreign commerce;  KIDNAPED

(2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 101(38) of the Federal Aviation Act of 1958;

(b) With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away shall create a rebuttable presumption that such person has been ~~transported~~ in interstate or foreign commerce.  KIDNAPED

24 HRS

(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

125

DuPont™ Tyvek®
Protect What's Inside.™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14 © U.S. Postal Service; July 2022; All rights reserved.

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY® MAIL

UNITED STATES POSTAL SERVICE®

RECEIVED
MAR 30 2023
PRO SE OFFICE

US POSTAGE PAID
AMHERST, MA
01002
MAR 30 23
AMOUNT
$17.55
R2305H127079-10

CERTIFIED MAIL

7022 2410 0001 9991 5632

FROM:
Abdul Jaleel Mahdi
691 Hampshire St Apt 8
Holyoke, Ma. 01040

TO:
Pro SE Unit
500 Pearl St.
New York, N.Y. 10007

US SDNY

FOR DOMESTIC AND INTERNATIONAL USE

1811 US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

TRACKED INSURED

PRIORITY MAIL